**Roger Wilson MURPHY, Appellant (Defendant below),**

v.

**The STATE of Wyoming, Appellee (Plaintiff below).**

**No. 4989.**

Supreme Court of Wyoming.

April 6, 1979.

Rehearing Denied May 14, 1979.

Gerald M. Gallivan, Laramie, Director, Wyoming Defender Aid Program, and Bruce Asay, Student Intern, signed the brief and Mr. Asay appeared in oral argument on behalf of the appellant.

John J. Rooney, Attorney Gen., Gerald A. Stack, Deputy Atty. Gen., and James C. Anderson, Student Intern, signed the brief and Mr. Anderson appeared in oral argument on behalf of the appellee.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.*

---

* At the time of oral argument, Guthrie, J., was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered on January 1, 1979, he has been re-

RAPER, Chief Justice.

The appellant-defendant pled guilty to a charge of grand larceny in violation of § 6–132, W.S.1957, 1975 Cum.Supp. (§ 6–7–301, W.S.1977).[1] The court's judgment and sentence, entered on May 3, 1977, imposed a sentence of from two-to-five years imprisonment, but sentence was suspended and defendant placed on probation for five years subject to revocation if he failed to live up to the probation terms.[2] No appeal was then taken.

An order to show cause was issued by the district court on February 7, 1978, upon the motion of the county and prosecuting attorney, served upon the defendant and a hearing set. At the termination of the hearing, a judgment and sentence was entered by the district court revoking probation and activating the original two-to-five year sentence. On appeal defendant asserts that: (1) It was violative of the Wyoming Rules of Criminal Procedure, Rule 15, for the district court to accept defendant's guilty plea in the 1977 proceedings without properly establishing a factual basis for the plea; (2) The procedure followed by the district court in failing to give notice when revoking the appellant's probationary status was violative of his constitutional guarantees of minimal due process; and (3) It was an abuse of discretion for the district court to refuse appellant's motion to withdraw his guilty plea.

We will affirm.

Defendant argues that the trial judge erred in the 1977 guilty plea proceeding in failing to ascertain a factual basis for such a plea as mandated by Rule 15, W.R. Cr.P. *Britain v. State*, Wyo.1972, 497 P.2d 543, 545. We cannot reach this issue[3] for the reason that we do not have jurisdiction in this appeal to consider the judgment and sentence entered by the district court on May 3, 1977. We have before us an appeal from a judgment and sentence from a probation revocation proceeding and the only matters which we may consider are matters which relate to that proceeding. The judgment and sentence entered on May 3, 1977, which placed appellant on probation, was a final order from which a timely appeal should have been taken if defendant wished to in any way challenge that proceeding. Rule 38, W.R.Cr.P.; Rules 72 and 73, W.R. C.P. Suspension of sentence and placing on probation does not extend the time in which to take an appeal. *State v. Williams*, 1975, 194 Neb. 483, 233 N.W.2d 772, 773; *People v. Pickett*, 1974, 391 Mich. 305, 215 N.W.2d 695; *State v. Ward*, 1972, 108 Ariz. 288, 496 P.2d 588; *People v. Nordstrom*, 1966, 73 Ill.App.2d 168, 219 N.E.2d 151. There is a wealth of precedent which supports this proposition from the above jurisdictions as well as from other states. See West's Digest System, Criminal Law, Key Numbers 1069(5) and 1134(8). The filing of a timely notice of appeal is mandatory and jurisdictional. This was so under the rules govern-

---

tained in active judicial service pursuant to § 5, Art. V, Wyoming Constitution and § 5–1–106(f), W.S.1977, and has continued to participate in the decision and opinion of the court in this case.

1. In pertinent part:
 "Whoever feloniously steals, takes and carries, * * * away the personal goods of another of the value of $100 or upwards, is guilty of grand larceny * * *."

2. "THE COURT: * * * that you not violate any of the laws of any municipality, of any state, or of the nation during that five year period, because if you violate any laws, including major motor vehicle violations, such as drunken driving or reckless driving * * * why then an order to show cause

will issue out of this Court * * * why your probation should not be revoked. * *

* * * * * *
" * * * if booze is a problem to you, why, maybe you had better lay off of it. * *

* * * * * *
" * * * because I can guarantee you that if you get to drinking and get involved in something again you are going to spend two to five years in the penitentiary on this sentence * * *. Do I make myself clear? "THE DEFENDANT: Yes, sir."

3. We will address this question in a subsequent portion of the opinion but only in the context of appellant's motion to withdraw his guilty plea (Rule 33(d), W.R.Cr.P.) which motion was made at the revocation hearing.

ing appeals at the time defendant entered his guilty plea as well as Rule 1.02 of the New Wyoming Rules of Appellate Procedure. *Jackson v. State*, Wyo.1976, 547 P.2d 1203. We hold that we are without jurisdiction in this appeal to consider matters which arose out of the proceeding which resulted in the judgment and sentence of May 3, 1977.

■ The appellant asserts that he was denied due process [4] of law in the revocation of his probation in that the district court failed to give him written notice which outlined the charges against him. We shall treat this position of the defendant with some brevity because we have "walked this way before." In *Knobel v. State*, Wyo.1978, 576 P.2d 941, we confronted very similar questions to that presented here. In that case we determined that ample due process is provided a probationer in a proceeding conducted before the district court in accordance with Wyoming Rules of Criminal Procedure, Rule 33(f), which

"* * * provides that probation shall not be revoked except after hearing with the presence of the defendant, and with his having notice of the grounds of such action and his release upon bond. The required hearing under said rule in itself provides an inherent sort of fairness which is not achieved through administrative procedures, * * *." *Knobel v. State*, supra, at 576 P.2d 942.

The motion which requested the district judge to issue to defendant an order to show cause why his probation should not be revoked was presented by the Johnson

County prosecuting attorney. In response, the district court issued an order, filed February 7, 1978, and directed that the motion be served upon defendant.[5] The order set a hearing for a day certain at which defendant could show cause why his probation should not be revoked.

The motion presented by the Johnson County attorney stated:

"IV

"That the Defendant has been convicted on a number of occasions in Natrona County including:

"Driving While Under the Influence,
Leaving the Scene of an Accident,
No Driver's License,
Assault, Trespass, and Destruction of Property."

■ A probationer is entitled to notice of the nature of the conduct alleged as grounds for revocation of his probation, but such conduct need not be alleged with the same degree of specificity as is required in an indictment, information, or complaint. *Tamez v. State*, Tex.Cr.App.1976, 534 S.W.2d 686, 689; *People v. White*, 1975, 33 Ill.App.3d 523, 338 N.E.2d 81, 88. While the notice to defendant contained in the prosecuting attorney's motion is minimal,[6] we hold that it gave adequate notice to the defendant of the charges against him, particularly in view of his failure to move for additional information or a request for a continuance [7] based upon inadequate notice or time to prepare to meet the charges against him.[8] The defendant was informed

---

4. In making this argument, appellant relies upon: *Gagnon v. Scarpelli*, 1973, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656; and *Morrissey v. Brewer*, 1972, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484.

5. If defendant did not receive this written notice, no such issue was ever raised in the district court. The record states that defendant received it; and, in the absence of evidence to the contrary, we proceed on that assumption. Therefore, we view the issue as not that the defendant did not receive a written notice but that the written notice served upon him was not adequate.

6. It is an unexpected pleasure for us to review a proceeding where we can describe it as something more than minimal or adequate, especially because the effort to rise above the minimum level requires so little energy.

7. See, Rules 16(b) and 44, W.R.Cr.P.

8. Defendant's only mention of the subject of notice occurred at the time of the hearing and in this form:

"MR. KIRVEN: Your Honor, first of all, I would state that it's my understanding that the defendant was placed under the supervision of the Department of Probation and Parole and it apparently gets into a nebulous

at his sentencing in no uncertain terms that violations such as those enumerated in the motion would be grounds for revocation. The offenses are clearly described even though ordinance and statute numbers are not given. It is clear from the motion that the offenses occurred in Natrona County between defendant's May 3, 1977 sentencing and the date of the motion, February 7, 1978, even though specific dates and the courts in which he was convicted of the offenses were not given. If defendant was not able to ascertain the nature of the charges which precipitated the revocation hearing, he failed to so inform the district court in any fashion. We hold that, under the circumstances of this case, the defendant received sufficient notice of the charges he was called upon to defend against.

Finally, defendant asserts that it was an abuse of discretion for the district court to deny his motion to withdraw his guilty plea at the probation revocation hearing. Rule 33(d), W.R.Cr.P., provides that after sentencing the court may permit withdrawal of a guilty plea to correct a manifest injustice. The defendant asserts that the district court abused its discretion because he was without counsel at the time he entered his guilty plea and because the grand larceny charge was the product of a domestic relations problem.[9] Defendant appends to this his argument that a factual basis for the guilty plea was not established although this was not clearly a ground for the motion in the district court.

 Although not cited to us by either party, we conclude from our reading of the authorities that where there has been a failure to properly scrutinize a guilty plea in accordance with Rule 15, W.R.Cr.P., (see comparable Federal Rule 11), a defendant may be entitled to plead anew without a showing of manifest injustice. *Britain v. State,* supra, at 497 P.2d 545; 2 Wright, Federal Practice and Procedure, Criminal § 539, fn. 82, and 1978 Pocket Part, p. 251. Although not explicitly presented to the trial court, in view of our policy that strict adherence to Rule 15, W.R.Cr.P., is mandatory, we view the matter as having been sufficiently presented in the trial court to invoke our review in the context of the motion to withdraw the guilty plea. At the time defendant pled guilty, the information filed against him was read to him and the district court ascertained that defendant understood the charges against him. The crime and the facts alleged were simple and straightforward. The prosecuting attorney recited a summary of the charges and the facts that established a crime; and the defendant, upon being addressed by the court, stated again that he understood the charges and that the facts recited by the prosecuting attorney were correct. At no time did defendant protest his innocence, call to the attention of the trial court that he had a meritorious defense, nor is there any hint in the record that defendant did not understand the crime charged in the relation to the factual basis for that charge. Under these circumstances, we hold that the district court adequately[10] scrutinized the guilty plea and determined that there was a factual basis for the plea. *Kloner v. United States,* 2nd Cir. 1976, 535 F.2d 730, cert. den. 429 U.S. 942, 97 S.Ct. 361, 50 L.Ed.2d 312.

area. It would be our contention that the procedure [sic] of that department have not been complied with in this case, that the notification be undertaken by the supervising probation and parole officer—that was not done. The defendant has not been served with the evidence against him as required. The rules and regulations of that department require a great many things that are to occur and none of them have occurred. I think that for the Department of Probation and Parole to come back to this Court is an effort to circumvent those regulations, having the Court bypass them so that they don't have to go through these procedures, they don't have to furnish the defendant with copies of the violations that you have before you—"

9. The defendant was charged with larceny because he broke into and took items from a mobile home which belonged to his ex-wife. Defendant claimed at the time of arrest that the items he took were his.

10. We again emphasize that the procedure was only adequate. We do not condone such "close calls" and point out that in many circumstances such a procedure may result in reversible error. See, 1 Wright, Federal Practice and Procedure, Criminal § 174.

 Defendant's assertion that he was without counsel must be reviewed under the manifest injustice standard. 2 Wright, Federal Practice and Procedure, Criminal § 539; *McGiff v. State,* Wyo.1973, 514 P.2d 199, cert. den. 415 U.S. 992, 94 S.Ct. 1592, 39 L.Ed.2d 889. We see no manifest injustice in the fact defendant appeared without counsel. Defendant indicated to the court that he had consulted with an attorney in Casper, although he had no attorney with him at his court appearance. The district court went to great lengths to inform defendant of his right to counsel and that counsel would be appointed for him if he was indigent and could not afford to hire one himself. The district court ascertained that defendant understood this right and when defendant pled guilty, to the district court's apparent surprise, the court reiterated the right to counsel and the importance that defendant proceed with counsel. Upon the insistence of defendant that he did not want counsel, wanted to plead guilty without counsel, and that he understood fully what he was doing, the district court proceeded. The trial judge discharged his obligation and there is no manifest injustice, indeed there is no problem whatsoever with defendant's having pled guilty without the presence of counsel. While it is fundamental that an accused is entitled to counsel at all stages of the criminal proceeding, he may waive that right if intelligently and understandingly made. *Miles v. United States,* 10th Cir. 1967, 385 F.2d 541, 9 A.L.R.Fed. 302. The refusal of the district court to permit the withdrawal of the guilty plea after sentencing was neither an abuse of discretion nor a manifest injustice.

Affirmed.