Robin SANDERSON, Appellant,

v.

The STATE of Wyoming, Appellee.

No. 5668.

Supreme Court of Wyoming.

Aug. 16, 1982.

Sylvia Lee Hackl, Public Defender Program, Cheyenne, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Allen C. Johnson, Sr. Asst. Atty. Gen., Michael L. Hubbard, Asst. Atty. Gen., Cheyenne, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

BROWN, Justice.

Appellant-defendant pled guilty to one count of forgery in violation of § 6–2–101, W.S.1977. He received a sentence of not less than two nor more than four years in the Wyoming State Penitentiary and a fine of $500. Appellant's sentence was suspended, and he was placed on probation for four years. The court, pursuant to § 7–13–303, W.S.1977, imposed terms and conditions of probation. On January 20, 1982, appellant's probation was revoked for violation of the terms and conditions. Appellant appeals from the revocation order and the imposition of the original judgment and sentence.

The principal issue raised by appellant is whether a probation condition requiring him to submit to a warrantless search is valid. A second issue raised is whether the warrantless search was properly executed.

We will affirm.

I

One of the conditions of appellant's probation agreement was that he was not to use or be in the possession of controlled substances. He had also agreed under the terms of the agreement to lead a law-abiding life.

Appellant, after submitting to a search of his person by the police in the presence of his probation officer, was found to be in the possession of controlled substances. The search had taken place because the police had received a tip from a citizen who suspected that appellant was using drugs. Appellant presented a motion to suppress the evidence of drug possession at his probation revocation hearing, arguing that the evidence was obtained because of Condition No. 10 in his probation agreement. Condition No. 10 of the probation agreement stated:

"The defendant is to submit to searches of his person, automobile, room, house, or any place within his dominion or control and he is to submit to extractions of body fluids for drug and alcohol screens at the request of his probation officer."

Defendant argues that this condition requiring him to submit to warrantless searches is invalid, and that the trial court erred in denying his motion to suppress. Although appellant's probation was not revoked for failure to comply with this specific condition, appellant contends that this condition was the sole factor in obtaining evidence that he had violated other conditions of his probation. Appellant did not question or challenge Condition No. 10 or any other conditions in his probation agreement when they were imposed in the sentence filed on May 28, 1981. He raised the constitutional issue of the validity of Condition No. 10 for the first time on January 7,

1982, when he filed a motion to suppress evidence.

■ The delay in challenging the validity of Condition No. 10 forecloses this court from responding to the merits. The judgment and sentence entered on May 28, 1981, which placed appellant on probation was a final order. *Murphy v. State*, Wyo., 592 P.2d 1159 (1979). Rule 2.01, W.R.A.P., requires that notice of appeal be filed within fifteen days of the entry of a final order. If the defendant wished to challenge the terms of the probation agreement, he needed to do so within fifteen days of the sentencing proceeding. "Suspension of sentence and placing on probation does not extend the time in which to take an appeal." *Murphy v. State*, supra. Other courts also have ruled that if a defendant wants to appeal the validity of the conditions of probation, the appeal time starts to run with the entry of the original judgment and sentence. *Haynes v. State*, 26 Md.App. 43, 337 A.2d 130, 79 A.L.R.3d 1016 (1975); and *Vale v. State*, Tex.Civ.App., 486 S.W.2d 370 (1972). We will therefore not consider the issue of the validity of Condition No. 10 of the probation agreement.

## II

Questioning the validity of the condition is far different from questioning the application or execution of the condition. The issue of the validity of a condition must be timely raised on appeal pursuant to Rule 2.01, W.R.A.P., to preclude an appellant from being subjected to the condition in any fashion. If, however, an appellant asserts that the condition was not properly applied or executed, the question becomes one of how the application of the condition affected the lower court's ruling at the probation revocation proceeding. Timely appeal may arise from that question since it is an integral part of the revocation.

As we have said, appellant here has raised as an alternative issue the application of the condition to him, alleging that it was improperly imposed because the search was conducted by the police. Since appellant raised the issue at the suppression hearings, and since he took a timely appeal from the judgment and sentence entered in the probation revocation proceeding, we will consider the matter.

Here, the police contacted the probation officer with information about appellant's possible possession of controlled substances. The police also conducted the search, in the probation officer's presence, after the probation officer had obtained consent to search from the appellant. The facts that the police contacted the probation officer and conducted the search are insignificant. When the police contacted the probation officer and advised her of Mr. Sanderson's possible possession of drugs, she had a duty to investigate immediately. If the police, a concerned citizen, or an informant relays information, the discretion to search becomes the probation officer's. The police officers here, in effect, became the probation officer's agents when they gave assistance to the probation officer at her request. In such circumstances, the police officers become a part of the probation process.[1]

■ Determination of whether a probationer has violated the conditions of his probation is generally within the sound discretion of the court, and is not subject to reversal on appeal unless there is an abuse of discretion. *Ketcham v. State*, Wyo., 618 P.2d 1356 (1980). A court does not abuse its discretion unless it acts in a manner that exceeds the bounds of reason. The court did not abuse its discretion here. It would have been dangerous and unreasonable under the circumstances to have expected the probation officer to investigate the matter and search appellant alone. However, had the probation officer chosen not to pursue the investigation, the police would likely have needed a search warrant or probable cause to pursue the matter.

Affirmed.

---

1. See *State v. Jones*, 36 Or.App. 271, 584 P.2d 349 (1978); and *State v. Fisher*, 32 Or.App. 465, 574 P.2d 354 (1978), reh. denied, for cases which implicitly make this assumption.