Marvin DANIELS, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 95–155.

Supreme Court of Wyoming.

Jan. 8, 1996.

Corinne A. Miller, Casper, for appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Georgia L. Tibbetts, Assistant Attorney General, Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

Appellant Marvin Daniels (Daniels) appeals from an order extending his probation for failure to satisfy a restitution obligation. Daniels contends there is no factual showing in the record that the restitution amount is reasonable. Because we find this contention is barred by res judicata, we affirm the district court's order extending his probation.

## ISSUES

Daniels states the issue as:

I. Whether there was sufficient evidence to support the amount of restitution ordered by the district court.

The State claims the issue is:

Whether appellant waived his right to challenge the amount of restitution ordered by the district court.

## FACTS

In April of 1991, Daniels entered a guilty plea to first degree arson and reckless endangerment. The district court ordered a presentence investigation report and on June 25, 1991, Daniels was sentenced to concurrent terms of not less than three years nor more than five years at the Wyoming State Penitentiary. The Department of Correc-tions placed Daniels in the Youthful Offender program and upon his successful completion of that program, Daniels moved for sentence reduction. The district court granted that motion and placed Daniels on three years probation under specific terms and conditions. One condition required that he pay restitution in the amount set forth in the presentence investigation report. On March 23, 1992, Daniels signed a payment contract agreeing to pay $53,350.00 in restitution. His parole officer instructed Daniels to pay ten percent of his net income each month, which amounted to fifty dollars, to the court clerk. Daniels began making payments in May of 1992 and regularly met his monthly obligation. On January 23, 1995, the State determined that Daniels' payments totaled only $2,750.00 and petitioned to revoke his probation for failure to satisfy his restitution obligation.

At a revocation hearing, the district court determined Daniels had complied with the terms and conditions of his probation and denied the petition to revoke his probation. The court, instead, extended his probationary term another five years and ordered that payments of restitution continue. Daniels argued against extension, claiming the amount of restitution had not been proved and he was entitled to an evidentiary hearing on the issue of damages before his probation could be extended. The district court found that by signing the payment contract, Daniels had agreed to the restitution amount. The district court refused to grant an evidentiary hearing on the issue of damages. This appeal followed.

## DISCUSSION

Daniels does not challenge the authority of the district court to extend probation under WYO.STAT. § 7–9–109 (1995). Instead, under a sufficiency of the evidence theory, Daniels challenges the evidence supporting the amount of restitution originally imposed, $53,350.00, and the lack of a specific finding by the court as to the reasonableness of that amount.

WYO.STAT. §§ 7–9–102 and 103 (1995) require a sentencing court to order

restitution unless the court finds that there is no ability to pay. *Helmlinger v. State*, 855 P.2d 363, 365 (Wyo.1993), citing *Murray v. State*, 855 P.2d 350, 358–59 (Wyo.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 693, 126 L.Ed.2d 660 (1994). Although the court is not required to specifically find that a defendant has the ability to pay, the record must still contain evidence to support the existence of a present or future ability to pay from which the court may infer a prospective ability to pay. *Murray,* 855 P.2d at 359. WYO. STAT. § 7–9–103(a) requires that the sentencing court fix a specific amount for restitution. *Leger v. State,* 855 P.2d 359, 362 (Wyo.1993). This statutory requirement may be waived "by agreeing to a plan of restitution containing a specific figure owed and monthly payments and by making some payments under the plan." *Kahlsdorf v. State,* 823 P.2d 1184, 1191–92 (Wyo.1991). Our decision in *Christensen v. State,* 854 P.2d 675 (Wyo.1993), held that, despite the existence of a valid waiver, a factual showing in the record that the amount consented to was reasonable is required. *Christensen,* 854 P.2d at 682. However, a challenge to the amount of restitution determined at sentencing must be made then or within the time permitted by the rules after sentencing, or the amount is fixed as res judicata, not subject to attack at a probation revocation hearing. *Badura v. State,* 832 P.2d 1390, 1393 (Wyo.1992).

Any challenge by Daniels concerning the restitution amount was waived by agreeing to a plan of restitution containing a specific figure owed and monthly payments and by making the required payments under the plan. *Kahlsdorf,* 823 P.2d at 1191–92. Daniels' demand for a hearing to develop a factual showing in the record concerning the reasonableness of the restitution amount is a challenge to the terms of a probation agreement. *Badura,* 832 P.2d at 1393; *Sanderson v. State,* 649 P.2d 677, 679 (Wyo.1982). A challenge to the validity of a term of a probation agreement must be made when the amount of restitution is determined at sentencing or within the time permitted by the rules after sentencing. *Badura,* 832 P.2d at 1393; *Sanderson,* 649 P.2d at 679. Delay in challenging the validity of a term of a probation agreement forecloses this court from

responding on the merits. *Sanderson,* 649 P.2d at 679. The restitution amount is fixed as res judicata, not subject to attack at a probation revocation hearing. *Badura,* 832 P.2d at 1393.

We affirm the district court's order.