# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 42

APRIL TERM, A.D. 2016

April 6, 2016

BRITTANY LEANNE POIGNEE,

Appellant
(Defendant),

v.                                                       S-15-0172

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Sweetwater County*
The Honorable Richard L. Lavery, Judge

*Representing Appellant:*
Office of the Public Defender:  Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel.

*Representing Appellee:*
Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Christyne Martens, Senior Assistant Attorney General; Joshua C. Eames, Assistant Attorney General.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.

**KAUTZ, Justice.**

[¶1]   Brittany Leanne Poignee appeals the district court's order revoking her probation. She does not question the district court's actions at the time of her revocation, but claims she was denied the assistance of counsel when her probation was extended more than a year earlier. We conclude Ms. Poignee's challenge to the probation extension order is barred because she did not appeal it. Consequently, we affirm.

## ISSUES

[¶2]    Ms. Poignee presents the following issue on appeal:

> Did the trial court err in revoking [Ms. Poignee's] probation[] when [she] had not had the benefit of counsel at the time her probationary term was extended and her subsequent violation of probation occurred during the extended, not original, term of probation?

The State raises an additional issue, which we rephrase as:

> Is Ms. Poignee's challenge to the extension of her probation barred because she did not appeal the order extending her probation?

## FACTS

[¶3]    In 2008, the State charged Ms. Poignee with one count of delivery of methamphetamine, in violation of Wyo. Stat. Ann. § 35-7-1031(a)(i) (LexisNexis 2015). The charged crime was a felony and carried maximum penalties of twenty years in prison and/or a fine of $25,000. *Id.* She entered a plea of no contest to the charge on February 24, 2009, but the proceedings were deferred pursuant to Wyo. Stat. Ann. § 7-13-301 (LexisNexis 2015),[1] and she was placed on supervised probation for five years.

---

[1] Section 7-13-301 states in relevant part:

> (a)      If a person who has not previously been convicted of any felony is charged with or is found guilty of or pleads guilty or no contest to . . . any felony except [list of certain felonies] the court may, with the consent of the defendant and the state and without entering a judgment of guilt or conviction, defer further proceedings and place the person on probation for a term not to exceed five (5) years upon terms and conditions set by the court. [List of probation terms]. . . .

> (b)      (b) If the court finds the person has fulfilled the terms of probation and that his rehabilitation has been attained to the satisfaction of the court, the court may at the end of five (5) years, or at any time after the expiration of one (1) year from the date of the original probation, discharge the person and dismiss the proceedings against him.

1

[¶4]   Ms. Poignee was not successful in fulfilling the requirements of her probation and, on February 18, 2011, the district court revoked her probation and entered judgment on her earlier no contest plea.  The district court sentenced Ms. Poignee to three to five years in prison, but suspended the sentence and placed her on three years of supervised probation.  Ms. Poignee's probation was set to expire in February 2014, but on January 14, 2014, a probation agent filed a petition to extend her probationary term to August 18, 2015.  Ms. Poignee signed a document agreeing to the extension.  She was not represented by counsel and no hearing was held on the petition to extend her probation.  The district court entered an order extending probation the same day the petition was filed.  Ms. Poignee did not appeal, and the State relied upon that order to require supervision and provide services during the extended probationary period.

[¶5]  In February 2015, the State filed a petition to revoke Ms. Poignee's probation.  The district court appointed counsel to represent Ms. Poignee in the revocation proceeding and counsel raised the issue of whether the probation extension had been handled properly.  He claimed that Ms. Poignee was entitled to assistance of counsel when her probation was extended and also claimed she had been coerced into agreeing to the extension.  Defense counsel argued that, if the probation extension had not been entered, her probation would have expired prior to the February 2015 revocation proceeding.

[¶6]   A probation agent testified at the revocation hearing that she and Ms. Poignee discussed extending the probationary period in October 2013 after Ms. Poignee violated the conditions of her probation by drinking alcohol.  According to the agent, the purposes of extending the probationary term were to give Ms. Poignee additional time to obtain treatment for her addiction and to avoid revocation of her probation.  Ms. Poignee admitted at the 2015 revocation hearing that her violations of the probation conditions in 2013 led to the extension of her probationary term.  She claimed, however, that she was coerced into agreeing to the extension because the agent told her that she must either agree or go to prison.

---

(c) If the defendant violates a term or condition of probation at any time before final discharge, the court may:

(i)    Enter an adjudication of guilt and conviction and proceed to impose sentence upon the defendant if he previously pled guilty to or was found guilty of the original charge for which probation was granted under this section; . . .

(d) Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for any purpose.

[¶7]   The district court addressed the issue of whether Ms. Poignee was entitled to be represented by counsel in the probation extension proceeding and concluded that, under Wyoming law, she did not have the right to counsel. The court then revoked Ms. Poignee's probation but reinstated it subject to her future compliance.  Ms. Poignee appealed the April 23, 2015 revocation order.[2]

## DISCUSSION

[¶8]   The State argues that this Court does not have jurisdiction over Ms. Poignee's appeal because she is actually contesting the order extending probation and she did not appeal that order within thirty days of entry as required by W.R.A.P. 2.01.  Jurisdiction is a question of law we review *de novo*.  *Dawes v. State,* 2010 WY 113, ¶ 10, 236 P.3d 303, 306 (Wyo. 2010); *Innis v. State,* 2003 WY 66, ¶ 8, 69 P.3d 413, 417 (Wyo. 2003).

[¶9]   W.R.A.P. 2.01(a) requires a notice of appeal to be filed within thirty days from entry of an appealable order.  The filing requirement "is both mandatory and jurisdictional, meaning that '[t]he failure to timely file a notice of appeal deprives this Court of jurisdiction to hear the appeal.'"  *Chapman v. State,* 2013 WY 57, ¶ 53, 300 P.3d 864, 874 (Wyo. 2013) (quoting *Yeager v. Forbes,* 2003 WY 134, ¶ 14, 78 P.3d 241, 247 (Wyo. 2003)); *see also* W.R.A.P. 1.03.  The time limits apply to all parties, including those appearing pro se.  *Cosco v. Uphoff,* 2003 WY 30, ¶¶ 3-5, 66 P.3d 702, 703 (Wyo. 2003); *Compton v. State,* 555 P.2d 232, 233-34 (Wyo. 1976).

[¶10] In *Gomez v. State,* 2004 WY 15, 85 P.3d 417 (Wyo. 2004), the district court revoked Mr. Gomez's probation and also sentenced him on new charges.  Mr. Gomez filed a pro se "Motion to Dismiss Probation and Probation Violation" arguing he had not received a timely revocation hearing.  The district court denied his motion, and Mr. Gomez did not appeal that order.  Less than two weeks later, he filed a motion to correct an illegal sentence.  In that motion, he again claimed the district court violated his right to a timely revocation hearing.  The district court denied the motion to correct an illegal sentence, and Mr. Gomez appealed that order.  *Id.,* ¶¶ 10-12, 85 P.3d at 419-20.  This Court ruled that we did not have jurisdiction over Mr. Gomez's challenge to the district court's refusal to dismiss the probation revocation proceedings because he did not appeal the district court's first order on that claim.  *Id.,* ¶ 15, 85 P.3d at 420.

[¶11] Ms. Poignee's circumstances are similar to those addressed in *Gomez*.  Although an order extending probation is a final appealable order, *see, e.g.,* *Daniels v. State,* 909 P.2d 972 (Wyo. 1996); *King v. State,* 720 P.2d 465 (Wyo. 1986), Ms. Poignee did not appeal from the January 2014 order extending her probation.  Under W.R.A.P. 2.01(a)

---

[2] The State subsequently filed additional petitions to revoke Ms. Poignee's probation, and the district court revoked her probation and imposed the prison sentence.  Ms. Poignee did not appeal the final revocation order.

3

and *Gomez,* we do not have jurisdiction to review the order extending probation because Ms. Poignee did not timely appeal it.

[¶12] Ms. Poignee did, however, file a timely notice of appeal of the April 2015 order revoking her probation. The question, then, is whether the doctrine of res judicata bars her challenge, within the current appeal, to the procedure used to extend her probation. The "doctrine of res judicata is a rule of universal law pervading every well-regulated system of jurisprudence. The doctrine arises through public policy and necessity, it being in the interest of the state that there should be an end to litigation." *Rubeling v. Rubeling,* 406 P.2d 283, 284 (Wyo. 1965), citing 50 C.J.S. *Judgments* § 592 (2015). In determining whether res judicata applies, four factors must be considered:

> (1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them.

*Kurtenbach v. State,* 2013 WY 80, ¶ 6, 304 P.3d 939, 940–41 (Wyo. 2013) (quoting *Martinez v. State,* 2007 WY 164, ¶ 11, 169 P.3d 89, 91 (Wyo. 2007) (other citation omitted)). *See also Gee v. State,* 2014 WY 9, ¶ 9, 317 P.3d 581, 583-84 (Wyo. 2014). "'The application of the doctrine of res judicata is a question of law that we review de novo.'" *Rathbun v. State,* 2011 WY 116, ¶ 9, 257 P.3d 29, 33 (Wyo. 2011) (quoting *Eklund v. PRI Envtl., Inc.,* 2001 WY 55, ¶ 15, 25 P.3d 511, 517 (Wyo. 2001)).

[¶13] In *Mead v. State,* 2 P.3d 564 (Wyo. 2000), we ruled the appellant's claim that his probation should not have been revoked was barred by res judicata. The district court revoked Mr. Mead's probation and sentenced him to prison. He appealed but did not file a brief, so his judgment and sentence was affirmed. Mr. Mead then filed a motion to correct an illegal sentence which was denied by the district court. He again appealed, this time arguing the revocation of his probation was erroneous. We concluded that, because Mr. Mead could have raised the issue regarding his probation revocation on direct appeal, but did not, he was barred by res judicata from raising the issue in his appeal of the denial of his motion to correct an illegal sentence. *Id.* at 565-66. *See also Bird v. State,* 2015 WY 108, 356 P.3d 264 (Wyo. 2015) (claim in motion to correct illegal sentence of insufficient presentence confinement credit was barred by res judicata because it was not raised on direct appeal); *Ferguson v. State,* 2013 WY 117, 309 P.3d 831 (Wyo. 2013) (claims that the sentence violated due process and double jeopardy could have been raised on direct appeal and were, therefore, barred in a subsequent motion to correct an illegal sentence); *Brown v. State,* 929 P.2d 522 (Wyo. 1996) (challenge to legality of a crime victim's compensation assessment barred by res judicata because it could have been raised in prior appeal).

[¶14] Like in *Mead* and the other cases cited above, the elements of res judicata are satisfied in the present case. The parties, their capacities, and the subject matter were the same in the probation extension proceeding as they are in this appeal. Ms. Poignee could have argued that she was entitled to the assistance of counsel in the probation extension proceeding, but she did not. We routinely apply res judicata to bar claims that could have been, but were not, raised in earlier proceedings. *See, e.g., Dax v. State,* 2012 WY 40, ¶ 10, 272 P.3d 319, 321 (Wyo. 2012); *Cooper v. State,* 2010 WY 22, ¶ 6, 225 P.3d 1070, 1072 (Wyo. 2010); *McDaniel v. State,* 2007 WY 125, ¶ 9, 163 P.3d 836, 838 (Wyo. 2007). Therefore, once the time for Ms. Poignee to appeal the probation extension order expired, it was final.

[¶15] We recognize an exception to the application of res judicata when the appellant shows good cause for failing to raise the issue earlier. *Dax,* ¶ 11, 272 P.3d at 321; *Hamill v. State,* 948 P.2d 1356, 1358 (Wyo. 1997). Ms. Poignee does not expressly argue that there was good cause for her failure to raise the issue of counsel earlier. However, she does suggest that she was unaware of the proper procedure because she did not have counsel during the probation extension proceedings.

[¶16] Ms. Poignee's suggestion that her lack of familiarity with the process is good cause for her failure to raise the issue earlier is belied by the record. She had a significant criminal record, including a great deal of experience with probationary proceedings, and had been appointed counsel on several occasions prior to the extension of her probation. Thus, she was very familiar with the criminal procedural process, including the procedures for requesting counsel.[3]

[¶17] Furthermore, the probation agent offered Ms. Poignee the option of extending her probation in lieu of revocation in October 2013 but the petition and her consent were not filed with the district court until January 2014. She, therefore, had several months to consider her options and request or consult counsel on the probation extension. Instead of consulting counsel or challenging the probation extension, Ms. Poignee expressly agreed to it to avoid revocation and to enable her to get addiction treatment. Even after the probation extension order was entered, Ms. Poignee had an additional month to contemplate the matter before her notice of appeal was due to be filed. Under these circumstances, Ms. Poignee has not shown good cause for failing to raise the issue of lack of counsel in the probation extension proceeding. *Compare Patterson v. State,* 2012 WY 90, ¶ 23, 279 P.3d 535, 540 (Wyo. 2012) (finding good cause for the appellant's failure to challenge his sentence on direct appeal when he did not have notice of the amended sentence).

---

[3] We are not suggesting that she had the right to appointed counsel for the probation extension proceeding. Determination of that issue will be made when the issue is properly presented to us.

[¶18] Ms. Poignee maintains that our decision in *Brisson v. State,* 955 P.2d 888 (Wyo. 1998) demonstrates that a defendant may, in a subsequent proceeding, challenge a prior order on the basis that he or she was not provided counsel. Mr. Brisson was charged with battery upon a family member and, because it would have been his third such conviction within ten years, it was a felony under the applicable statute. He filed a motion to dismiss, claiming his first misdemeanor battery conviction could not be used to enhance the pending charge to a felony because it was obtained without giving Mr. Brisson "the benefit of counsel even though he was indigent and had requested an attorney." *Id.* at 890. Mr. Brisson apparently did not appeal his first conviction or raise the issue of counsel until he was charged with the third offense.

[¶19] The *Brisson* case did not come before this Court on direct appeal; rather, the district court certified two questions pertaining to whether Mr. Brisson was entitled to counsel in the first proceeding and whether an uncounseled conviction could be used to enhance a later charge. *Brisson,* 955 P.2d at 889. Our decision focused only on the two questions of law. We ruled that Mr. Brisson was entitled to counsel and the uncounseled misdemeanor could not be used to enhance the penalty for his later offense. *Id.* at 892. Given the unusual procedural posture of the case, we did not consider whether Mr. Brisson's challenge to his first conviction was timely.

[¶20] In addition, *Brisson* addressed the validity of an uncounseled misdemeanor used to convert a pending charge into a felony. No such enhancement took place here. Ms. Poignee's probation was simply extended, with her consent, in order to give her the opportunity to comply with the district court's order rather than to be revoked and possibly sent to prison. *Brisson* does not, therefore, guide our analysis in this case.

## CONCLUSION

[¶21] The circumstances of this case clearly illustrate why there must be finality in judicial orders, including those pertaining to probation. A probationer is often given many opportunities to comply with the conditions of probation before being ordered to serve the underlying sentence. For example, a district court may provide additional opportunities for compliance by reinstating probation after revocation or, like here, extending the probationary period instead of revoking probation. If a probationer were allowed to challenge any of the preceding orders when his or her probation was finally revoked and the underlying sentence imposed, the finality of judicial decisions would be seriously eroded. A probation order or extension could be challenged many years after it was entered, and after great effort had been expended to make the probation successful. Allowing such challenges would discourage the State, probation agents and the district courts from giving probationers multiple opportunities to comply. In the interests of finality as expressed in our rules of appellate procedure and precedent, Ms. Poignee's challenge to the probation extension entered more than a year before her probation was revoked is time barred.

[¶22]   Affirmed.