# IN THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 73

**APRIL TERM, A.D. 2025**

**July 3, 2025**

JEREMY GENE CLAY,

Appellant
(Defendant),

v.

S-25-0027

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Teton County*
*The Honorable Melissa M. Owens, Judge*

*Representing Appellant:*
 Jeremy Gene Clay, pro se.

*Representing Appellee:*
 Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Darrell D. Jackson, Faculty Director, Prosecution Assistance Program; Matthew J. Riekens, Student Director, Prosecution Assistance Program; Jacob N. Lewis, Student Intern, Prosecution Assistance Program.

*Before BOOMGAARDEN, C.J., and FOX\*, GRAY, FENN, and JAROSH, JJ.*

\* Justice Fox retired from judicial office effective May 27, 2025, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), she was reassigned to act on this matter on May 28, 2025.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Chief Justice.**

[¶1]    Jeremy Clay appeals the district court's order revoking his probation, claiming his rights were violated during the underlying criminal proceedings. The State maintains this Court lacks jurisdiction to review Mr. Clay's claims because he did not appeal the original judgment and sentence and summary affirmance of the district court's probation revocation order is warranted. We affirm, applying res judicata principles.

*ISSUE*

[¶2]    In his appeal from the order revoking his probation, Mr. Clay presents several issues challenging the proceedings which led to his conviction and the district court's original judgment and sentence. The dispositive issue is whether Mr. Clay's claims are barred by res judicata.

*FACTS*

[¶3]    Teton County deputies arrested Mr. Clay for traffic violations and drug offenses on September 23, 2023. After further investigation, the State also charged him with failure to register as a convicted sex offender. Mr. Clay pled guilty to the failure to register charge, and on June 14, 2024, the district court sentenced him to three to five years of incarceration. The court suspended all but thirty days of the prison sentence and ordered Mr. Clay to serve three years of supervised probation following his jail term. Mr. Clay did not file a direct appeal of his judgment and sentence.

[¶4]    On June 28, 2024, the State filed a petition to revoke Mr. Clay's probation, alleging he violated the conditions of his probation by failing to contact his probation agent, leaving Wyoming without permission, and failing to make a required payment to the Clerk of District Court. Although Mr. Clay initially denied the allegations and filed pro se motions seeking dismissal of the petition, he later admitted the probation violations at an evidentiary hearing on December 16, 2024. The court revoked Mr. Clay's probation and sentenced him to nine months in jail, but suspended that sentence in favor of a split sentence of seventy-two days in jail followed by three years of supervised probation. It also awarded him sixty-five days of credit for presentence confinement. Mr. Clay timely appealed.

1

## DISCUSSION

### *Mr. Clay's Claims are Barred by Res Judicata*

[¶5]    Although Mr. Clay appeals the district court's order revoking his probation, his arguments concentrate on the original criminal proceedings. He asserts law enforcement violated his Fourth Amendment rights during his arrest, the State committed prosecutorial misconduct, and his defense counsel was ineffective and coerced him to plead guilty. Relying on *Poignee v. State*, 2016 WY 42, 369 P.3d 516 (Wyo. 2016), the State argues this Court lacks jurisdiction to review Mr. Clay's complaints about his arrest and guilty plea because he did not appeal the original judgment and sentence within thirty days of entry as required by W.R.A.P. 2.01.

[¶6]    Ms. Poignee appealed the district court's order revoking her probation. *Poignee*, 2016 WY 42, ¶ 7, 369 P.3d at 517-18. Her argument, however, centered on whether the court erred in an earlier order extending her probationary term, which she did not appeal. *Id.*, ¶¶ 8-12, 369 P.3d at 518. We determined this Court lacked jurisdiction to review the probation extension order because she did not appeal it within the 30-day time limit in W.R.A.P. 2.01(a). *Id.*, ¶ 11, 369 P.3d at 518 (citing *Gomez v. State*, 2004 WY 15, ¶ 15, 85 P.3d 417, 420 (Wyo. 2004)) (holding this Court lacked jurisdiction, in the appeal of an order denying a motion to correct an illegal sentence, to review claimed error in an earlier probation revocation proceeding).

[¶7]    We also considered whether Ms. Poignee could challenge the district court's probation extension order in her timely appeal of the probation revocation. *Poignee*, 2016 WY 42, ¶ 12, 369 P.3d at 518. We concluded res judicata barred her from asserting a claim related to the probation extension because she could have presented it in a direct appeal of that order and she did not present good cause for failing to raise the issue earlier. *Id.*, ¶¶ 12-20, 369 P.3d at 518-20.

[¶8]    "Res judicata bars litigation of issues that were or could have been determined in a prior proceeding." *Russell v. State*, 2021 WY 9, ¶ 11, 478 P.3d 1202, 1205 (Wyo. 2021) (quoting *Goetzel v. State*, 2019 WY 27, ¶ 11, 435 P.3d 865, 868 (Wyo. 2019)) (italics omitted). "The purposes of the res judicata doctrine are to promote judicial economy and finality, prevent repetitive litigation, prevent inconsistent results, and increase certainty in judgments." *Bernard v. State*, 2025 WY 66, ¶ 9, ___ P.3d ___, ___ (Wyo. 2025) (quoting *Taulo-Millar v. Hognason*, 2022 WY 8, ¶ 45, 501 P.3d 1274, 1287 (Wyo. 2022)).

[¶9]    The determination of whether a claim is barred by res judicata is a question of law, reviewed de novo. *Russell*, 2021 WY 9, ¶ 9, 478 P.3d at 1204; *Bird v. State*, 2015 WY 108, ¶ 9, 356 P.3d 264, 267 (Wyo. 2015).

When deciding whether res judicata applies, this Court looks to four factors: '(1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them.

*Russell*, 2021 WY 9, ¶ 12, 478 P.3d at 1205 (quoting *Majors v. State*, 2017 WY 39A, ¶ 7, 401 P.3d 889, 890-91 (Wyo. 2017)). We can exempt an appellant from the "application of res judicata when [he] shows good cause for failing to raise the issue earlier." *Poignee*, 2016 WY 42, ¶ 15, 369 P.3d at 519.

[¶10]  We routinely address cases like *Poignee* using res judicata principles. *Bernard*, 2025 WY 66, ___ P.3d ___ (Wyo. 2025) is a recent example. Mr. Bernard pled guilty to 20 counts of sexual exploitation of a child, and he did not appeal after the district court entered its judgment and sentence. *Id., ¶¶* 4-6, ___ P.3d at ___. He subsequently filed a motion to correct an illegal sentence, claiming his original sentence violated his constitutional protection against double jeopardy. *Id*., ¶ 7, ___ P.3d at ___. As in *Poignee,* we ruled Mr. Bernard's claim was barred by res judicata because he could have presented it in a direct appeal and did not show good cause to justify an exception to the res judicata bar. *Id*., ¶ 10, ___ P.3d at ___; *see also Mead v. State*, 2 P.3d 564, 565-66 (Wyo. 2000) (holding res judicata barred appellant from claiming, in his appeal from a denial of his motion to correct an illegal sentence, the district court erred in an earlier order revoking his probation).

[¶11]  *Daniels v. State*, 909 P.2d 972 (Wyo. 1996), is an example of a case where we ruled res judicata bars a defendant from arguing his conviction or sentence was improper in a subsequent probation revocation proceeding. At the time of sentencing, the district court ordered Mr. Daniels to pay a certain amount of restitution, and he agreed to a restitution plan requiring him to make monthly payments. *Id*. at 973. The State subsequently filed a petition to revoke Mr. Daniel's probation for failing to pay the entire restitution amount. *Id*. The district court refused to revoke his probation, but it extended the probationary term and ordered him to continue to make his monthly restitution payments. *Id*. Mr. Daniels appealed, arguing the amount of restitution ordered in his judgment and sentence was improper. *Id*. We ruled "a challenge to the amount of restitution determined at sentencing must be made . . . within the time permitted by the rules after sentencing, or the amount is fixed as res judicata, not subject to attack at a probation revocation hearing." *Id*. at 974 (citing *Badura v. State*, 832 P.2d 1390, 1393 (Wyo. 1992)).

[¶12]  The State urges us to follow *Poignee* and hold we do not have jurisdiction over the issues presented in Mr. Clay's appeal. We acknowledge that, under *Poignee* and *Gomez*, we lack jurisdiction to review Mr. Clay's original judgment and sentence. However,

Mr. Clay did not appeal the original judgment and sentence, so a ruling that we do not have jurisdiction over such an appeal does not dispose of the issue in this case. We indisputably have jurisdiction over Mr. Clay's timely appeal of the probation revocation order. Applying the doctrine of res judicata, we can address Mr. Clay's failure to appeal the original order while deciding his current appeal of the order revoking his probation. Like in *Poignee, Bernard*, and *Daniels*, we will consider whether Mr. Clay's complaints about the original criminal proceedings, which culminated in the judgment and sentence, are barred by res judicata in his appeal of the probation revocation.

[¶13] Mr. Clay pled guilty in the original criminal proceeding, and the district court entered the judgment and sentence against him on June 14, 2024. That judgment and sentence was a final appealable order, but Mr. Clay did not appeal it. *See Sanderson v. State*, 649 P.2d 677, 679 (Wyo. 1982) (judgment and sentence placing defendant on probation was a final order); W.R.Cr.P. 32(c)(3) (district court advises defendant at time of sentencing of his right to appeal the conviction or sentence). The parties, their capacities, and the subject matter in the original criminal proceeding were the same as in the current probation revocation. The issues raised by Mr. Clay in this appeal, including whether his Fourth Amendment rights were violated at the time of arrest, whether the State committed prosecutorial misconduct, and whether his defense counsel was ineffective and coerced him to plead guilty, all challenge his arrest and conviction. Those claims were finally determined when the district court issued its judgment and sentence, and Mr. Clay could have raised them on direct appeal of that order. He did not appeal his judgment and sentence and does not argue he had good cause for failing to do so. Res judicata, therefore, prevents Mr. Clay from raising issues related to the original judgment and sentence in his appeal of the order revoking his probation.[1] Given he does not present any argument specifically challenging the district court's revocation of his probation, he is not entitled to relief from this Court.

[¶14]  Affirmed.

---

[1] The State also argues we should summarily affirm because Mr. Clay's briefs do not comply with W.R.A.P. 7.01 and he did not provide cogent argument or citation to pertinent authority to support his claims. Given we have determined Mr. Clay's claims are barred by res judicata, we need not address this argument.

4