**2002 WY 14**

**Chester Loyde BIRD, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 01–95.**

Supreme Court of Wyoming.

Jan. 30, 2002.

Chester L. Bird, Pro Se, Rawlins, WY, Representing Appellant.

Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Hugh Kenny, Senior Assistant Attorneys General, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

HILL, Justice.

[¶ 1] Chester Bird (Bird) appeals a district court denial of his motion to correct an illegal sentence based on his contention that the prior convictions underlying his habitual

criminal conviction were constitutionally infirm. We find that Bird's claim was not proper under W.R.Cr.P. 35(a) and dismiss the appeal.

[¶ 2] In his *pro se* brief Bird raises one issue on appeal:

Did the trial court err in ruling that appellant's prior convictions were constitutional?

The State substantially agrees with Bird's characterization of the issue:

Did the district court err in denying the "motion to correct illegal sentence"?

## DISCUSSION

[¶ 3] In the latest attempt to escape the consequences of his life sentence [1], Bird filed a *pro se* Motion to Correct Illegal Sentence pursuant to W.R.Cr.P. 35(a) [2] on October 23, 2000. In his motion, Bird contended that the guilty pleas in the convictions underlying his habitual offender enhancement pursuant to Wyo. Stat. Ann. § 6–10–201 (LexisNexis 2001) were constitutionally infirm. The district court reviewed the underlying convictions and concluded that the "records demonstrate[d] substantial compliance with the requirements for entry of [Bird's] guilty pleas in [his] prior felony convictions." Accordingly, the district court denied Bird's motion. Bird then filed this appeal.

 [¶ 4] We will not address the merits of Bird's claim. A motion to correct an illegal sentence is not available for an attack on the validity of a conviction. We have already addressed this very situation where a

habitual offender seeks to challenge the validity of the underlying convictions:

A motion to correct an illegal sentence presupposes a valid conviction and may not be used to re-examine errors occurring at trial or other proceedings prior to the imposition of sentence. Therefore, issues concerning the validity of a conviction will not be addressed in the context of a Rule 35 motion. *State v. Meier*, 440 N.W.2d 700, 703 (N.D.1989); 3 Charles Alan Wright, Federal Practice and Procedure: *Criminal* 2d § *582* (1982).

We presuppose, in accordance with the rules cited above, that the conviction in issue is valid. On its face, the sentence imposed is within the statutorily authorized limits and is otherwise consonant with governing law. All other matters raised by Evans in his brief are addressed to the validity of his conviction and we will not consider them in the context of this appeal.

*Evans v. State*, 892 P.2d 796, 797 (Wyo.1995). Bird's motion is simply an attack on the soundness of the convictions underlying his habitual criminal enhancement and, accordingly, is not a proper subject for a Rule 35 motion. Therefore, we dismiss Bird's motion.

[¶ 5] Dismissed.

---

1. *See Bird v. State*, 901 P.2d 1123 (Wyo.1995); *Bird v. State*, 939 P.2d 735 (Wyo.1997); and *Bird v. Everett*, 215 F.3d 1336 (10th Cir.2000) (unpublished opinion available at 2000 WL 717089).

2. Rule 35(a) provides: "The court may correct an illegal sentence at any time. Additionally the court may correct, reduce, or modify a sentence within the time and in the manner provided herein for the reduction of sentence."