2006 WY 84

**Abdullah Kru AMIN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 05–259.

Supreme Court of Wyoming.

July 18, 2006.

Representing Appellant: Abdullah Kru Amin, Pro Se.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and James Michael Causey, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL *, KITE, and BURKE, JJ.

* Chief Justice at time of expedited conference.

## 1144

HILL, Justice.

[¶ 1] Appellant, Abdullah Kru Amin (Amin), seeks review of the district court's order denying his motion which he denominated "Motion for Illegal Sentence Rule 35(a)." The district court also denied Amin's motions to proceed in forma pauperis and for appointment of counsel. Amin asks that we appoint an attorney to represent him in this appeal. We will affirm the order of the district court and we decline to appoint counsel for Amin in these proceedings.

### ISSUES

[¶ 2] Amin's brief is not in the form required by W.R.A.P. 7.01. However, we discern from his brief the following issues:

1. Is Amin under an illegal sentence?

2. Do his sentences constitute a violation of the Double Jeopardy Clause of the Unites States Constitution and/or the Wyoming Constitution?

3. Is the habitual criminal statute unconstitutional?

4. Has Amin been denied due process of law?

5. Do the sentences imposed on Amin constitute cruel and unusual punishment?

Amin also asks this Court to appoint counsel for him in this appeal.

The State articulates the issue in this terse statement: "Did the district court err in denying [Amin's] motions?"

### FACTS AND PROCEEDINGS

[¶ 3] In 1990 Amin was convicted of kidnapping and aggravated assault. These crimes arose out of an incident at the Wyoming State Penitentiary wherein he and another inmate attacked penitentiary employees and held them as hostages. Amin was also found by the jury to be an habitual criminal. *Amin v. State*, 811 P.2d 255 (Wyo. 1991); also see *Amin v. State*, 695 P.2d 1021 (Wyo.1985); and *Amin v. State*, 774 P.2d 597 (Wyo.1989). Amin was sentenced to two concurrent life sentences for the crimes committed while in the penitentiary, and those sentences were made to be served consecutive to other sentences already imposed in the older cases.

[¶ 4] On September 12, 2005, Amin filed a "Motion for Illegal Sentence Rule 35(a)" in the district court. By order entered on October 14, 2005, the district court denied Amin's motions. Amin filed what we treated as a notice of appeal on October 28, 2005. Amin's brief was filed in this Court on November 16, 2005. The State's brief was filed on January 27, 2006. This matter was placed on the expedited docket and we took it under advisement on April 4, 2006.

### DISCUSSION

[¶ 5] What Amin seeks to do in these proceedings is to generally challenge his convictions and sentences that were affirmed in *Amin*, 811 P.2d 255. We conclude that the claims raised in the present appeal are barred by the doctrine of res judicata. See *Lacey v. State*, 2003 WY 148, ¶¶ 7–14, 79 P.3d 493, 495–96 (Wyo.2003). Amin has failed to provide any cogent argument or pertinent authority for the proposition that we should appoint counsel for him for this appeal and we decline to do so.

[¶ 6] Finally, we determine that Amin has exhausted all of his state remedies with respect to the convictions at issue in this matter. See Wyo. Stat. Ann. §§ 7–14–101 through 7–14–108 (LexisNexis 2005). We authorize the district court to decline to permit the filing of any further papers from Amin that relate to these convictions, unless Amin has first obtained the consent of the district court for such a filing. Furthermore, we authorize the clerk of this Court to decline to file any papers submitted by Amin that relate to these matters without having first obtained the consent of the Court for such a filing.

### CONCLUSION

[¶ 7] The order of the district court is affirmed in all respects. Amin is considered by this Court to have exhausted his state remedies with respect to the matters at issue in this appeal. Amin is prohibited from making any further filings with respect to these matters in either the district court or this

Court, except under the circumstances outlined above.