2007 WY 125

**Donald Eugene McDANIEL,
Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 06–283.**

Supreme Court of Wyoming.

Aug. 3, 2007.

---

3.   It must be remembered that the subjective intent of the officer is not relevant to this inquiry.

CRANFILL, District Judge.

[¶1]  Mr. McDaniel appeals an order denying his motion to correct illegal sentence. He claims his sentences should have merged and run concurrently instead of consecutively.  We affirm.

## ISSUES

We state the issue for review as follows:

Did the District Court properly deny Appellant's motion to correct an illegal sentence?

## FACTS

On June 27, 1996, Mr. McDaniel was convicted by a jury of two counts of first degree sexual assault for forcing both vaginal and anal intercourse upon the same victim. The assaults were separated in time by only a matter of minutes or seconds.  On September 12, 1996, Mr. McDaniel was sentenced to two consecutive terms of fifteen to twenty years in the state penitentiary.

[¶4]  Mr. McDaniel appealed the conviction.  The only issue presented on appeal was whether his right to speedy trial had been violated.  This Court affirmed the conviction and sentence in *McDaniel v. State*, 945 P.2d 1186 (Wyo.1997).  After his conviction was affirmed, Mr. McDaniel filed a motion for sentence reduction pursuant to W.R.Cr.P. 35(b).  The motion was founded upon Mr. McDaniel's assertions that he had been a model inmate while incarcerated. The district court denied the motion.

Mr. McDaniel then filed a motion to correct an illegal sentence in district court on February 21, 2003.  One of the issues posed in the motion was whether the two sexual assault sentences should have merged and run concurrently.  Mr. McDaniel asserted that the imposition of consecutive sentences was a double jeopardy violation.  The district court denied the motion without explanation on March 3, 2003.  Mr. McDaniel filed a motion to reconsider on March 24, 2003. The district court again denied the motion on May 8, 2003, explaining that the earlier denial was void for lack of jurisdiction.[1]  On

Representing Appellant: Donald Eugene McDaniel, pro se.

Representing Appellee: Patrick J. Crank, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General.

Before GOLDEN, HILL, KITE, and BURKE, JJ., and CRANFILL, D.J.

1.  Prior to trial, District Judge Grant had been peremptorily disqualified and then District Judge Voigt presided over the matter.  Judge Voigt was then appointed to the Wyoming Supreme Court and Mr. McDaniel's case was assigned to District Judge Kautz.  Judge Kautz chose to deny the

August 7, 2006, Mr. McDaniel filed another motion to correct an illegal sentence with the district court. Although this motion provided substantially more legal analysis, the argument was essentially the same: Mr. McDaniel had received an illegal sentence because his sentences had not been merged and had been made concurrent instead of consecutive. On August 31, 2006, the district court again denied the motion. This appeal followed.

## STANDARD OF REVIEW

[¶ 6] This Court reviews a trial court's denial of a motion to correct an illegal sentence by using an abuse of discretion standard. *Whitten v. State*, 2005 WY 55, ¶ 6, 110 P.3d 892, 894 (Wyo.2005) (citing *Martinez v. State*, 2002 WY 10, ¶ 9, 39 P.3d 394, 396 (Wyo.2002)). However, this discretion "is limited to a determination by the trial court as to whether the sentence was legal or illegal." *Id.*

[¶ 7] W.R.Cr.P. 35(a) allows a court to correct an illegal sentence at any time. "An illegal sentence is one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law." *Brown v. State*, 2004 WY 119, ¶ 7, 99 P.3d 489, 491 (Wyo.2004); *Ryan v. State*, 988 P.2d 46, 62–63 (Wyo.1999); *Cardenas v. State*, 925 P.2d 239, 240 (Wyo.1996). Whether a sentence is illegal is determined by referencing the applicable statute or constitutional provisions, and is subject to statutory interpretation. *Brown*, ¶ 7, 99 P.3d at 491; *Ryan*, 988 P.2d at 62–63. The determination of whether the appropriate rule was applied to a set of facts is a question of law, requiring *de novo* review. *Gould v. State*, 2006 WY 157, ¶ 7, 151 P.3d 261, 264 (Wyo. 2006).

## DISCUSSION

Mr. McDaniel contends that his sentence was illegal because the conduct with

which he was charged consisted of one criminal transaction, and the elements of both crimes were the same. He argues that, as a result, his sentences should have merged and run concurrently instead of consecutively. Among other cases, Mr. McDaniel cites to *Bilderback v. State*, 13 P.3d 249 (Wyo.2000) to support this argument.

[¶ 9] This Court will consider whether Mr. McDaniel's argument is *res judicata* prior to addressing the merits of his argument. *Gould*, ¶ 14, 151 P.3d at 266. We have repeatedly held that claims brought pursuant to W.R.Cr.P. 35(a) are subject to the principles of *res judicata*. *McCarty v. State*, 929 P.2d 524, 525 (Wyo.1996); *Lacey v. State*, 2003 WY 148, ¶ 11, 79 P.3d 493, 495 (Wyo.2003); *Dolence v. State*, 2005 WY 27, ¶ 6, 107 P.3d 176, 178 (Wyo.2005); *Amin v. State*, 2006 WY 84, ¶ 5, 138 P.3d 1143, 1144 (Wyo.2006). We have also repeatedly held that the *res judicata* doctrine applies when a defendant could have raised such an issue in an earlier appeal or motion for sentence reduction but did not do so. *Hamill v. State*, 948 P.2d 1356, 1358–59 (Wyo.1997); *Mead v. State*, 2 P.3d 564, 566 (Wyo.2000); *Gould*, ¶ 16, 151 P.3d at 266.

[¶ 10] Mr. McDaniel not only filed a direct appeal after his conviction, he also filed a motion for sentence reduction pursuant to W.R.Cr.P. 35(b). He could have presented his claim that his sentences should have merged in his direct appeal, but he did not do so. As a result, his present claim is barred under the doctrine of *res judicata*. It is also noted that Mr. McDaniel did not appeal the May 8, 2003, denial of his motion to correct an illegal sentence. This is an additional reason that his claim is *res judicata*.

[¶ 11] Although the Court is under no obligation to address the merits of Mr. McDaniel's arguments, we note that his arguments are without merit. This issue was

original motion to correct an illegal sentence. Not realizing Judge Grant had previously been disqualified from the case, Judge Kautz asked Judge Grant to sign the denial because the case originated in the First Judicial District and the paperwork was there and not easily available to

Judge Kautz. In his May 8, 2003, denial of the motion to correct an illegal sentence, Judge Kautz stated that the March 3, 2003, denial was void for lack of jurisdiction as Judge Grant had previously been disqualified from the case.

adequately addressed in *Frenzel v. State*, 938 P.2d 867, 869 (Wyo.1997), where we stated:

> We have previously determined that "the Wyoming legislature intended to define sexual intercourse, fellatio and other acts of sexual intrusion as '*separate and distinct crimes * * *.*'" *Parker v. State*, 882 P.2d 1225, 1229 (Wyo.1994) (*citing Padilla v. State*, 601 P.2d 189, 193 (Wyo.1979)). Separate and distinct acts of sexual intrusion, even those separated in time only by a matter of seconds, can properly be punished as separate crimes without violating double jeopardy protections, *Baum v. State*, 745 P.2d 877, 882 (Wyo.1987). Clearly, then, in Wyoming, it is the individual acts of sexual intrusion which are prohibited under W.S. 6–2–302.

> The charges against Frenzel involved seven incidents of sexual intrusion on four different occasions. On three of the four occasions, two sexual intrusions occurred. Even though those particular sexual intrusions occurred on the same date, and were perhaps separated in time only by a matter of minutes at most, each sexual intrusion by intercourse, fellatio, or other act is a separate and distinct crime and can be punished separately.

We find that the district court did not err in denying Mr. McDaniel's motion to correct an illegal sentence.

## CONCLUSION

[¶ 12] The order of the district court denying the motion to correct an illegal sentence is affirmed.