2011 WY 137

**Craig WINSTEAD, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–11–0069.

Supreme Court of Wyoming.

Sept. 28, 2011.

Representing Appellant: Craig Winstead, pro se.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1] After Craig Winstead pled guilty to three counts of third degree sexual assault, the district court sentenced him to serve sentences of ten to fifteen years on each count with the sentence on the first count to be served first and the sentences on the second and third counts to be served consecutively to the first sentence and concurrently with each other. Mr. Winstead subsequently filed a motion to correct an illegal sentence pursuant to W.R.Cr.P. 35(a), claiming his sentences should have merged and asking the court to order that he serve his sentences concurrently. The district court denied the motion. Mr. Winstead appealed. We conclude his claim is barred by the doctrine of res judicata and affirm.

## ISSUE

[¶ 2] Mr. Winstead's *pro se* brief does not contain a statement of the issue. The State presents the issue for this Court's consideration as follows:

Is [Mr. Winstead]'s claim barred from review by the doctrine of res judicata? If not, did the district court abuse its discretion when it denied [his] motion for correction of an illegal sentence?

## FACTS

[¶ 3] In March of 2007, the prosecuting attorney in Big Horn County, Wyoming, filed a criminal warrant and information alleging that Mr. Winstead had committed three counts of incest in violation of Wyo. Stat. Ann. § 6-4-402(a)(ii) (LexisNexis 2011) and three counts of third degree sexual assault in violation of § 6-2-304(a)(ii) (LexisNexis 2007) (*repealed by* Laws 2007, ch. 159 § 3). The charges involved three different victims. The parties entered into a plea agreement in which Mr. Winstead agreed to plead guilty to counts IV, V, and VI alleging third degree sexual assault and the prosecutor agreed to dismiss counts I, II and III alleging incest. The district court convened a change of plea hearing in October of 2007 followed by a sentencing hearing on January 15, 2008. The court entered a judgment and sentence in February of 2008, ordering Mr. Winstead to serve ten to fifteen years on each of the third degree sexual assault counts, serving the time for count IV first and, upon completion of that sentence, serving the time for counts V and VI concurrently. Mr. Winstead filed a timely notice of appeal; subsequently, however, he moved for dismissal of the appeal. This Court granted the motion.

[¶ 4] In June of 2008, the prosecutor filed a motion to amend the judgment and sentence. The prosecutor asserted the original judgment and sentence did not contain a finding of the period of pre-sentence confinement Mr. Winstead served as required by W.R.Cr.P. 32(c)(2)(E) and (F) and sought clarification of whether Mr. Winstead was to serve count IV first and counts V and VI concurrently to each other but consecutively to count IV. The record contains an affidavit from the Big Horn County detention center stating Mr. Winstead served 396 days presentence confinement for which he should be credited. The district court took no action on the motion.

[¶ 5] In January of 2009, Mr. Winstead filed a motion for sentence reduction on the grounds that he had complied with penitentiary rules, worked well with the staff, completed stage I of sex offender group therapy, and worked continuously during his confinement. He asked the district court to place him on probation for the rest of his life, place him under house arrest, prohibit contact with anyone under the age of eighteen, place him on a monitor, and require him to continue treatment. The district court ordered the penitentiary to submit a progress report within thirty days. The record contains nothing further concerning the motion or the court's order.

[¶ 6] In April of 2009, Mr. Winstead filed a motion asking the district court to enter a judgment and sentence nunc pro tunc reflecting that he was entitled to credit for 396 days presentence confinement. He attached the same affidavit referenced in paragraph 4 above. The district court entered a judgment and sentence nunc pro tunc amending the earlier judgment and sentence to require that Mr. Winstead receive credit for 396 days of presentence confinement.

[¶ 7] In November of 2010, Mr. Winstead filed a motion to correct illegal sentence under W.R.Cr.P. 35(a) and asking for appointment of counsel. He asserted that his sentence was illegal under the double jeopardy clause of the Fifth Amendment because it required him to serve his sentence on count IV first and then serve the sentences on counts V and VI concurrently. He argued the sentences should have merged. He asked the district court to correct the sentence by ordering that the three sentences be served concurrently. After a hearing, the district court entered an order denying the motion, finding that the offenses involved three different victims and the sentences were not illegal. Mr. Winstead appealed.

## STANDARD OF REVIEW

[¶ 8] We conclude the determinative issue is the State's contention that Mr. Winstead's appeal is barred by the doctrine of res judicata. Whether res judicata applies is a question of law that we review *de novo*. *Moore v. State,* 2009 WY 108, ¶ 11, 215 P.3d 271, 276 (Wyo.2009).

## DISCUSSION

[¶ 9] The focus of Mr. Winstead's argument appears to be that the three counts of third degree sexual assault resulted from one continuous transaction and must, therefore, merge for sentencing purposes. He claims that by imposing three sentences, one to be served initially followed by two to be served consecutively to the first and concurrently to each other, the district court imposed an illegal sentence. The State asserts Mr. Winstead's claim is barred by the doctrine of res judicata because he failed to raise it earlier.

[¶ 10] Mr. Winstead brought his motion to correct illegal sentence pursuant to W.R.Cr.P. 35(a) which provides:

(a) *Correction.*—The court may correct an illegal sentence at any time. Additionally the court may correct, reduce, or modify a sentence within the time and in the manner provided herein for the reduction of sentence.

We have held repeatedly that claims brought pursuant to W.R.Cr.P. 35(a) are subject to the doctrine of res judicata. *Cooper v. State,* 2010 WY 22, ¶ 6, 225 P.3d 1070, 1072 (Wyo. 2010). We also have held that res judicata applies when a defendant could have raised an issue in an earlier appeal or motion for sentence reduction and failed to do so. *Id.* Unless a party shows good cause for not

raising the issue earlier, the Court may decline to consider a claim that a sentence is illegal. *Id.*

[¶ 11]   Mr. Winstead did not raise the issue that his sentence was illegal at his sentencing hearing, on direct appeal from the judgment and sentence, in his 2009 motion for sentence reduction, or in his 2009 motion for entry of judgment nunc pro tunc.  In an effort to show that he had good cause for not raising the issue at any of those times he asserts that in some instances he was not represented by counsel and was not schooled in the law and, in the instances in which he had representation, his attorney controlled the issues raised and he was not aware his sentence was illegal.  He submits that he became aware of the merger issue only after he was incarcerated and had access to legal research.

[¶ 12]   Mr. Winstead was represented by counsel during the sentencing hearing, on direct appeal, and when he filed his motion for judgment and sentence nunc pro tunc.  His assertion that he did not challenge the legality of the sentence at any of these times because his attorney was in control and he was unschooled in the law does not establish good cause for not bringing the issue to the district court's or this Court's attention.  Neither does his assertion that he had no legal representation when he filed his motion for sentence reduction.  Failing to recognize the factual or legal basis for a claim or failing to raise a claim despite recognizing it does not constitute good cause for not bringing an issue to the court's attention.  *Chaparro v. Comm'r of Corr.,* 120 Conn.App. 41, 990 A.2d 1261, 1266 (2010).  *See also Neal v. State,* No. CR 94–936, 1994 WL 613093, *1, 1994 Ark. LEXIS 548, at *2, (Ark. Oct. 24, 1994), holding lack of knowledge of appellate procedure did not constitute good cause for failing to file a timely notice of appeal.

[¶ 13]   Mr. Winstead had several opportunities to assert his claim that his sentence was illegal.  He failed to do so and has likewise failed to show that he had good cause for not bringing the issue to the courts' attention.  His appeal is barred by the doctrine of res judicata.

[¶ 14]   Although our holding that Mr. Winstead's appeal is barred is determinative of his claim, we briefly address his assertion that his sentences merged.  In appeals such as this one alleging imposition of multiple sentences for a single act, the ultimate question is whether the facts reveal a single criminal act or multiple and distinct offenses against the victim or victims.  *Rouse v. State,* 966 P.2d 967, 970 (Wyo.1998).  When the facts show that the defendant's act in violation of crime B could not have been accomplished in any way other than through prior violation of crime A, the two charges must merge for purposes of sentencing.  *Id.*  In the present case, Mr. Winstead pled guilty to and was sentenced for sexually assaulting three different victims.  The facts show that his acts in assaulting victim A could have been accomplished without assaulting victims B or C. The assault against each of the three victims involved a distinct offense.  The concept of merger simply has no application when crimes are perpetrated against different victims.  *Hanna v. U.S.,* 666 A.2d 845, 855 (D.C.Cir.1995).

[¶ 15]   We affirm the judgment and sentence.

KITE, C.J., delivers the opinion of the Court; VOIGT, J., files a specially concurring opinion.

VOIGT, Justice, specially concurring.

[¶ 16]   I agree with the result reached via the majority opinion. I write separately only to repeat the concerns about the doctrine of sentencing merger that are set forth in *Najera v. State,* 2009 WY 105, ¶ 17, 214 P.3d 990, 995 (Wyo.2009) (Voigt, C.J., specially concurring).