# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 39

OCTOBER TERM, A.D. 2016

April 11, 2017

SARGENT K. MAJORS,

Appellant
(Defendant),

v.

S-16-0192

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Weston County*
*The Honorable Thomas W. Rumpke, Judge*

*Representing Appellant:*
Sargent K. Majors, *Pro se.*

*Representing Appellee:*
Peter K. Michael, Wyoming Attorney General, and David L. Delicath, Deputy Attorney General.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**HILL,** Justice.

[¶1]    Sargent K. Majors appeals an order denying his motion to correct an illegal sentence.  Claiming he is due a presentence confinement credit of 1,280 days, Mr. Majors appears before this Court *pro se.*  We will affirm the district court on the principal of *res judicata*.

## ISSUE

[¶2]    Mr. Majors claims he is entitled to credit for time served from his arrest in December of 2000 until his sentencing in August of 2002.

## FACTS

[¶3]    In 2000, Sargent Majors[1] was in the middle of serving an 18-36 month sentence at the Honor Conservation Camp.  In December of that same year, Mr. Majors escaped and kidnapped an elderly woman.  He was apprehended and arrested and charged with several crimes, including kidnapping and escape.  He entered a no contest plea to the kidnapping charge and a guilty plea to the escape charge, and the State dismissed all remaining charges.  The district court sentenced Mr. Majors to 8-10 years for escape and 17-20 years for kidnapping. Those sentences were to run consecutive to each other and concurrent to his original sentence.  There was no award of credit for time served.

[¶4]    After the court sentenced Mr. Majors, he appealed his case to this Court where he only challenged the validity of his "no contest" plea.  This Court affirmed in *Major v. State*, 2004 WY 4, 83 P.3d 468 (Wyo. 2004).

[¶5]    In July of 2015, Mr. Majors filed a *pro se* motion to correct an illegal sentence.  He requested credit for 640 days he served between his arrest in December of 2000 and his sentencing in August of 2002.  He sought such credit against both his kidnapping and escape sentences.  The State argued against his motion and said that Mr. Majors was not entitled to credit for the time requested because during that time, he was still serving the sentence from which he escaped.  Furthermore, he did not complete that sentence until after his sentencing on the escape and kidnapping charges.  In early 2016, the district court denied his motion.  However, Mr. Majors did not take an appeal to challenge that order, having filed an untimely notice of appeal.  Rather, on March 30, 2016, he filed a pleading that was treated as a Petition for Writ of Review.  This Court denied that petition on April 12, 2016, because the district court's denial of his motion was an appealable order.

---

[1] Mr. Majors refers to himself, in the caption of his case, and otherwise, as "Majors," rather than "Major."  Although our previous case caption refers to his last name as Major, we follow the district court's caption in this case and call Mr. Majors.

[¶6]   The present matter began on May 19, 2016, when Mr. Majors filed a *pro se* motion, titled "Motion Ordering the Court to Correct Order Filed by Judge Michael N. Deegan On Major v. State of Wyoming."  Mr. Majors sought credit for 1,280 days, which is the same relief he sought in his July 2015 motion to correct an illegal sentence.  On May 19, 2016, Mr. Majors re-filed his same motion.  The court denied the motion, and this appeal followed.

## DISCUSSION

[¶7]   Mr. Majors claims on appeal that he is entitled to 1,280 days of credit for time served from his arrest in December of 2000 until his sentencing in August of 2002.  In his initial motion, he sought credit against both of his sentences but because he completed his escape sentence, he argues that he is owed 1,280 days against his kidnapping sentence. The State argues that this appeal is barred by *res judicata* because Mr. Majors failed to raise the issue earlier.  We agree.

> We have repeatedly held that claims brought pursuant to W.R.Cr.P. 35(a) are subject to the principles of *res judicata*. *McCarty v. State*, 929 P.2d 524, 525 (Wyo. 1996); *Lacey v. State*, 2003 WY 148, P 11, 79 P.3d 493, 495 (Wyo. 2003); *Dolence v. State*, 2005 WY 27, ¶ 6, 107 P.3d 176, 178 (Wyo. 2005); *Amin v. State*, 2006 WY 84, ¶ 5, 138 P.3d 1143, 1144 (Wyo. 2006).  We have also repeatedly held that the *res judicata* doctrine applies when a defendant could have raised such an issue in an earlier appeal or motion for sentence reduction but did not do so.  *Hamill v. State*, 948 P.2d 1356, 1358-59 (Wyo. 1997); *Mead v. State*, 2 P.3d 564, 566 (Wyo. 2000); *Gould* [*v. State*, 2006 WY 157, ¶ 16, 151 P.3d [261, 266 [Wyo. 2006].
>
> *McDaniel* [*v. State*], 2007 WY 125, ¶ 9, 163 P.3d [836] at 838 [(Wyo. 2007)].

*Cooper v. State*, 2010 WY 22, ¶ 6, 225 P.3d 1070, 1072 (Wyo. 2010).  If a party fails to "show good cause why the issue was not raised at an earlier opportunity, the court may decline to consider the issue." *Id.*  The doctrine of *res judicata* bars litigation of issues that were or could have been determined in a prior proceeding.  *Eklund v. Farmers Ins. Exch.,* 2004 WY 24, ¶ 13, 86 P.3d 259, 263 (Wyo. 2004).  Four factors are used to determine the applicability of the doctrine: "(1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them." *Id.*

2

[¶8]    In his prior appeal Mr. Majors did not raise the illegal sentence issue that he now raises even though the issue did, in fact, exist.  Mr. Majors first presented his illegal sentence issue in 2015.  Now, he cannot and does not show good cause as to why this issue was not brought to the attention of the district court or this Court on prior occasions.  Therefore, *res judicata* applies in this case.

## CONCLUSION

[¶9]    *Res judicata* prevents our review of the issue raised by Mr. Majors.  He did not raise the issue in his original appeal and he subsequently failed to appeal the district court's denial of his motion to correct an illegal sentence.  He has not shown good cause to excuse those failures.  Affirmed.