# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 9

OCTOBER TERM, A.D. 2020

January 13, 2021

BRIAN TODD RUSSELL,

**Appellant**
**(Defendant),**

v.

S-20-0130

THE STATE OF WYOMING,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*
    Brian Todd Russell, Pro Se.

*Representing Appellee:*
    Bridget L. Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Kellsie Jo Singleton, Assistant Attorney General.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]   Brian Todd Russell, appearing pro se, appeals the district court's denial of his latest motion to correct an illegal sentence in which he requested credit against his Wyoming sentences for time spent in Colorado.  Because Mr. Russell's claim is barred by res judicata, we affirm.

### ISSUE

[¶2]   We restate the single dispositive issue as:

> Is Mr. Russell's W.R.Cr.P. 35(a) motion barred by res judicata?

### FACTS

[¶3]   Mr. Russell pled guilty to two counts of forgery, two counts of burglary, and one count of aggravated burglary in five separate criminal dockets in Laramie County between 2015 and 2017.  On February 22, 2016, Mr. Russell's multiple dockets were at various stages of prosecution when the court modified his bond to $10,000, concurrent on all dockets, with standard bond conditions and a requirement that he immediately report to a residential treatment program in Casper, Wyoming on release.  Mr. Russell posted bond, but instead of going to the treatment program in Casper, he was released to Colorado authorities.

[¶4]   Mr. Russell remained in Colorado after posting bond there and committed additional crimes.  He spent the next year in and out of Colorado custody.  On the State's petition to revoke Mr. Russell's bond and his failure to appear at the hearing to address the petition, the Laramie County District Court issued a warrant for his arrest.

[¶5]   By March 2017, Mr. Russell had been returned to Wyoming from Colorado.  In June, the district court held a joint hearing in all five dockets.  In two dockets, the court revoked Mr. Russell's probation and imposed the underlying sentences of 2.5 to 4 years, to be served concurrently, with 281 days credit for time served.  In the remaining three dockets, the court sentenced Mr. Russell to 7 to 10 years, 7 to 10 years, and 7 to 15 years, to be served concurrent to one another but consecutive to the two shorter sentences.  He was not entitled to and did not receive any credit for time served on the consecutive sentences.[1]  Mr. Russell has challenged his sentences on multiple occasions and his latest two motions, filed in 2018 and 2020, are at issue here.

[¶6]   In December 2018, Mr. Russell filed a pro se motion to correct an illegal sentence in which he argued he was held in Colorado because Wyoming misled and failed to

---

[1] *See Nesius v. State*, 2019 WY 129, ¶¶ 24–26, 454 P.3d 927, 934 (Wyo. 2019).

communicate with Colorado regarding his sentencing. He requested the court "credit [him] the full six-hundred ten (610) days under nunc pro tunc as time served." The district court denied this motion.

[¶7] Mr. Russell appealed. His court-appointed appellate counsel filed an *Anders* brief stating "that there [were] no meritorious, arguable issues for appeal."[2] We accepted the *Anders* brief and ordered that Mr. Russell may file a pro se brief. *Russell v. State*, 2019 WY 73, ¶ 2, 444 P.3d 83, 83 (Wyo. 2019). He did not do so in the time allotted. *Id.* After reviewing the record and the *Anders* brief, we affirmed. *Id.* ¶¶ 3, 5, 444 P.3d at 83.

[¶8] In March 2020, Mr. Russell filed another pro se motion to correct an illegal sentence. This time Mr. Russell requested 288 days credit for the time he was "held without bail on a Wyoming Warrant in Colorado from May 12, 2016 [through] February 29, 2017[.]" The district court summarily denied this motion. Mr. Russell appealed.

## *STANDARD OF REVIEW*

[¶9] We have long held that motions to correct an illegal sentence are subject to the principles of res judicata. *See, e.g.*, *Majors v. State*, 2017 WY 39A, ¶ 7, 401 P.3d 889, 890 (Wyo. 2017) (collecting cases); *see also Goetzel v. State*, 2017 WY 141, ¶ 7, 406 P.3d 310, 311 (Wyo. 2017); *Ferguson v. State*, 2013 WY 117, ¶ 11, 309 P.3d 831, 834 (Wyo. 2013). Whether a sentence is illegal, and whether the motion to correct the sentence is barred by res judicata, are questions of law we review de novo. *Hicks v. State*, 2018 WY 15, ¶ 10, 409 P.3d 1256, 1259 (Wyo. 2018) (citing *Nicodemus v. State*, 2017 WY 34, ¶ 9, 392 P.3d 408, 411 (Wyo. 2017)).

## *DISCUSSION*

[¶10] Mr. Russell argues he is entitled to credit against his Wyoming sentences for 288 days spent in Colorado from May 2016 through February 2017. He asserts that after he was extradited to Colorado and posted bond there, he could not be released from Colorado custody due to the Wyoming bond revocation proceedings. The State responds that this issue was decided by this Court in the 2019 appeal and Mr. Russell's claim is therefore barred by res judicata.

[¶11] "*Res judicata* bars litigation of issues that were or could have been determined in a prior proceeding." *Goetzel v. State*, 2019 WY 27, ¶ 11, 435 P.3d 865, 868 (Wyo. 2019) (citing *Nicodemus*, ¶ 11, 392 P.3d at 411). "The 'doctrine of res judicata is a rule of universal law pervading every well-regulated system of jurisprudence. The doctrine arises

---

[2] Counsel explained that nothing in the record supported Mr. Russell's assertion that he spent 18 months incarcerated in Colorado, nor was that possible under the circumstances. And, even if Mr. Russell spent 18 months incarcerated in Colorado, the Wyoming district court was not required to give him "credit for time served while incarcerated in another state while being held on criminal charges in that state."

2

through public policy and necessity, it being in the interest of the state that there should be an end to litigation.'" *Id.* (quoting *Poignee v. State*, 2016 WY 42, ¶ 12, 369 P.3d 516, 518 (Wyo. 2016)).

[¶12] When deciding whether res judicata applies, this Court looks to four factors: "(1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them." *Majors*, ¶ 7, 401 P.3d at 890–91 (citation omitted).

[¶13] No question exists that the parties, subject matter, and capacities of the persons involved are the same in this case as they were in Mr. Russell's earlier motion and appeal. Our focus therefore is on the third factor—whether the issues raised are the same. In this motion and in his prior one, Mr. Russell claimed he was entitled to credit against his Wyoming sentences for his time spent in Colorado. Thus, in both motions, the issue was whether Mr. Russell's sentencing credit was properly calculated.

[¶14] Despite slight differences in Mr. Russell's arguments in the 2018 and 2020 motions—including the number of days requested and the bases asserted to support his request—we find that the essence of both motions and the remedy sought—a sentencing credit based on his time spent in Colorado—is the same. *See Kurtenbach v. State*, 2013 WY 80, ¶¶ 7, 9, 304 P.3d 939, 941 (Wyo. 2013) (finding that "the essence of the first motion and the remedy sought is identical" to the current motion, where both motions to correct an illegal sentence requested reconsideration of sentencing credit based on time confined in other states, even though arguments in the motions differed); *Martinez v. State*, 2007 WY 164, ¶¶ 5–9, 12, 20, 169 P.3d 89, 90–91, 93 (Wyo. 2007) (holding that Mr. Martinez's four different motions requesting 180, 270, 75, and 150 days credit for presentence confinement be applied to his various sentences, all raised the same issue: "whether the credit for time served awarded was adequate"); *see also Rathbun v. State*, 2011 WY 116, ¶ 13, 257 P.3d 29, 34 (Wyo. 2011) ("*Res judicata* also prohibits an appellant from pursuing credit for time served via a motion to correct an illegal sentence after that issue has been determined in a prior appeal." (citing *McCarty v. State*, 929 P.2d 524, 524–25 (Wyo. 1996))).

[¶15] Because Mr. Russell has already litigated his claim to a sentencing credit based on his time spent in Colorado from May 2016 through February 2017, he is now barred from raising that claim. *See Kurtenbach*, ¶ 7, 304 P.3d at 941; *Martinez*, ¶ 18, 169 P.3d at 92–93; *Majors*, ¶ 8, 401 P.3d at 891.

[¶16] Affirmed.