# IN THE SUPREME COURT, STATE OF WYOMING

# 2021 WY 135

### OCTOBER TERM, A.D. 2021

### December 7, 2021

MATTHEW HARL MAJHANOVICH,

Appellant
(Defendant),

v.                                                                S-21-0136

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Sweetwater County*
The Honorable Suzannah G. Robinson, Judge

*Representing Appellant:*
    *Pro se.*

*Representing Appellee:*
    Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Catherine M. Mercer, Assistant Attorney General.

*Before FOX, C.J., and DAVIS, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]    Matthew Harl Majhanovich challenges the district court's order denying his motion to correct an illegal sentence.  We affirm.

## ISSUE

[¶2]    Mr. Majhanovich states the issue as whether the district court erred when it determined that res judicata precluded his claim of a "null and void" sentence.

## FACTS

[¶3]    In December 2016, a Rock Springs police officer stopped Mr. Majhanovich while he was driving a black pickup truck.  The officer told Mr. Majhanovich that "he had an active arrest warrant and that he would be placed under arrest."  Mr. Majhanovich asked to call his father to retrieve a dog that was in the truck.  The officer allowed him to make the call from the driver's seat of the truck because it was cold out.  While on the phone, Mr. Majhanovich closed and locked the door, drove over a curb onto an adjacent street, and sped away from the officer.  Nine days later, the officer located Mr. Majhanovich and once again arrested him.

[¶4]    The State charged Mr. Majhanovich with escape from official detention in violation of Wyo. Stat. Ann. § 6-5-206(a) (LexisNexis 2021).  He filed a motion to dismiss the escape charge, arguing he was not subject to official detention when he drove off.  The district court denied the motion.

[¶5]    Mr. Majhanovich eventually pled guilty to the escape charge as part of a plea agreement.  The district court sentenced him in accordance with the plea agreement, imposing a 2 to 3 year sentence to run concurrent with sentences Mr. Majhanovich had received for other crimes.  Mr. Majhanovich filed a notice of appeal to this Court.  While that appeal was pending, he filed a "Waiver of Appeal" stating:  "[A]fter weighing all the possibilities, options and facts, it is my desire not to appeal the (escape judgment and sentence) and that I hereby waive my right to said appeal."  Mr. Majhanovich's appellate counsel then moved for voluntary dismissal, and we dismissed the appeal pursuant to Wyoming Rule of Appellate Procedure (W.R.A.P.) 18.

[¶6]    In March 2020, Mr. Majhanovich wrote a letter to the district court listing a number of concerns about his escape sentence and the other charges for which he was sentenced.  The district court interpreted his complaint about the escape sentence as a Motion to Correct Illegal Sentence under Wyoming Rule of Criminal Procedure (W.R.Cr.P.) 35(a) and required the State to respond to the motion.  Mr. Majhanovich responded, "I do believe this is a(n) illegal sentence and the (district court's conclusion that his letter was a) motion to correct illegal sentence is correct."  The district court denied Mr. Majhanovich's motion

1

to correct illegal sentence, concluding "Defendant's claim that there was no factual basis for his guilty plea thus rendering his sentence 'illegal' could have been raised and determined on direct appeal. Defendant voluntarily dismissed that appeal prior to its determination. Defendant's claim is therefore barred by the doctrine of res judicata." Mr. Majhanovich appealed the district court's order denying his motion to correct illegal sentence.

## STANDARD OF REVIEW

[¶7]    We review whether a sentence is illegal and whether res judicata bars a motion to correct an illegal sentence de novo. *Russell v. State,* 2021 WY 9, ¶ 9, 478 P.3d 1202, 1204 (Wyo. 2021). We also determine de novo whether a claim is properly considered under a Rule 35(a) Motion to Correct Illegal Sentence. *Hicks v. State,* 2018 WY 15, ¶ 10, 409 P.3d 1256, 1259 (Wyo. 2018).

## DISCUSSION

### A.    Res Judicata.

[¶8]    Motions to correct illegal sentences are subject to res judicata. *Russell, ¶* 11, 478 P.3d at 1205. Res judicata precludes relitigation of an issue when four factors are met: "(1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them." *Id., ¶* 12, 478 P.3d at 1205. Mr. Majhanovich does not argue that these four factors are not satisfied in his case. It is obvious they are.

[¶9]    A party can avoid application of res judicata if he demonstrates good cause for not raising an issue in an earlier proceeding. *Goetzel v. State,* 2019 WY 27, ¶ 13, 435 P.3d 865, 869 (Wyo. 2019). Mr. Majhanovich now blames his appellate counsel for encouraging him to dismiss his initial appeal. In other words, he claims he did not adequately understand his potential claim that his sentence was illegal, even though he had an attorney. We have firmly rejected that such a claim amounts to good cause. *Winstead v. State,* 2011 WY 137, ¶ 12, 261 P.3d 743, 746 (Wyo. 2011). "Failing to recognize the factual or legal basis for a claim or failing to raise a claim despite recognizing it does not constitute good cause for not bringing an issue to the court's attention." *Id.* Furthermore, the record belies his assertion he did not understand his claim because it shows he knew about the "official detention" requirement for escape early in his case. He filed a motion to dismiss based on the very argument he raises here. He could have appealed the denial of that motion, but did not. Mr. Majhanovich's claim that his sentence is illegal because the facts do not support his guilty plea is barred by res judicata.

2

## B. W.R.Cr.P. 35(a) is not available.

[¶10] Mr. Majhanovich claims that when he drove off he had not yet been arrested, and thus was not in official detention for the purposes of his escape conviction. This claim amounts to an assertion that there was an insufficient factual basis to support his guilty plea, and that the district court erred when it accepted the plea. In this argument, Mr. Majhanovich is actually attacking his underlying conviction for escape, and not his sentence. "A motion to correct an illegal sentence is not available for an attack on the validity of a conviction." *Bird v. State,* 2002 WY 14, ¶ 4, 39 P.3d 430, 431 (Wyo. 2002).

## CONCLUSION

[¶11] Mr. Majhanovich's claim of an illegal sentence based on the facts supporting his conviction is barred by res judicata. Furthermore, Mr. Majhanovich may not use a Rule 35(a) Motion to Correct Illegal Sentence to attack his underlying conviction.

[¶12] The decision of the district court is affirmed.