# IN THE SUPREME COURT, STATE OF WYOMING

# 2022 WY 25

### OCTOBER TERM, A.D. 2021

### February 10, 2022

JOSEPH NEWTON BEST,

Appellant
(Defendant),

v.

S-21-0172

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Carbon County*
The Honorable Dawnessa A. Snyder, Judge

*Representing Appellant:*
> Pro se.

*Representing Appellee:*
> Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General; Timothy P. Zintak, Senior Assistant Attorney General.

*Before FOX, C.J., and DAVIS\*, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

*\*Justice Davis retired from judicial office effective January 16, 2022, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2021), he was reassigned to act on this matter on January 18, 2022.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.

**KAUTZ, Justice.**

[¶1]    Joseph Newton Best appeals from the district court's denial of his motion to correct an illegal sentence.  We affirm.

## ISSUE

[¶2]    Did the district court err in denying Mr. Best's motion to correct an illegal sentence?

## FACTS

[¶3]    We detailed the underlying facts of this case in *Best v. State (Best I)*, 736 P.2d 739 (Wyo. 1987), and we need not restate them here.  It suffices to say Mr. Best was convicted by a jury of attempted first-degree murder after he shot a Wyoming Highway Patrol Officer.  *Best I*, 736 P.2d at 741-42.  The district court sentenced him to prison "for the remainder of his natural life."  We affirmed his conviction and sentence on direct appeal. *Id*. at 747.  Mr. Best later filed a motion for a new trial based on newly discovered evidence.  The district court denied the motion and we affirmed.  *Best v. State (Best II)*, 769 P.2d 385, 389 (Wyo. 1989).  In 2015, Mr. Best filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of Wyoming.  The federal district court dismissed the petition as untimely.  In April 2021, Mr. Best filed a motion to correct an illegal sentence under Rule 35(a) of the Wyoming Rules of Criminal Procedure (W.R.Cr.P.).  The district court summarily denied the motion.  Mr. Best appealed.

## DISCUSSION

[¶4]    Mr. Best argues the district court erred in denying his Rule 35(a) motion to correct an illegal sentence.  He claims his conviction is illegal because (1) he was charged with and convicted of violating "[§§] 6-2-101 and 6-1-201 W.S. 1977 as amended" yet those statutes did not exist in 1977; and (2) there was no *corpus delicti* (body), a necessary element for a first-degree murder conviction.  He maintains his sentence is illegal because (1) the word "natural" does not appear in the penalty statute for his crime, which provides only for a penalty of "life imprisonment according to law"; and (2) he was sentenced without a presentence hearing.  Mr. Best also asserts his sentence is unconstitutional under the Eighth Amendment of the United States Constitution because, after serving 36 years in prison, it is effectively a life sentence without the possibility of parole.  For his Eighth Amendment claim, he cites our juvenile life sentencing jurisprudence, even though he was an adult at the time of his crime and was tried and sentenced as an adult.  *See, e.g., Sen v. State*, 2017 WY 30, 390 P.3d 769 (Wyo. 2017); *Bear Cloud v. State*, 2014 WY 113, 334 P.3d 132 (Wyo. 2014).

[¶5]    We review the denial of a motion to correct an illegal sentence for an abuse of discretion.  *See Baker v. State*, 2011 WY 123, ¶ 10, 260 P.3d 268, 271 (Wyo. 2011)

1

(quoting *McDaniel v. State*, 2007 WY 125, ¶¶ 6-7, 163 P.3d 836, 838 (Wyo. 2007)). However, we review de novo "whether a sentence is illegal and whether res judicata bars a motion to correct an illegal sentence[.]" *Majhanovich v. State*, 2021 WY 135, ¶ 7, 499 P.3d 995, 997 (Wyo. 2021) (citing *Russell v. State*, 2021 WY 9, ¶ 9, 478 P.3d 1202, 1204 (Wyo. 2021)). *See also, Brown v. State*, 2021 WY 79, ¶ 8, 489 P.3d 1162, 1164 (Wyo. 2021) (citations omitted). "We also determine de novo whether a claim is properly considered under . . . Rule 35(a)[.]" *Majhanovich*, ¶ 7, 499 P.3d at 997 (citing *Hicks v. State*, 2018 WY 15, ¶ 10, 409 P.3d 1256, 1259 (Wyo. 2018)).

[¶6]   Mr. Best's arguments concerning the validity of his conviction are not reviewable in a Rule 35(a) motion. "'A motion to correct an illegal sentence presupposes a valid conviction and may not be used to re-examine errors occurring at trial or other proceedings prior to the imposition of sentence. Therefore, issues concerning the validity of a conviction will not be addressed in the context of a Rule 35 motion.'" *Bird v. State*, 2002 WY 14, ¶ 4, 39 P.3d 430, 431 (Wyo. 2002) (quoting *Evans v. State*, 892 P.2d 796, 797 (Wyo. 1995)) (other citations omitted). Moreover, these arguments, as well as his arguments concerning the legality of his sentence, are barred by res judicata.

[¶7]   "'*Res judicata* bars litigation of issues that were or *could have been determined* in a prior proceeding.'" *Russell*, ¶ 11, 478 P.3d at 1205 (emphasis added) (quoting *Goetzel v. State*, 2019 WY 27, ¶ 11, 435 P.3d 865, 868 (Wyo. 2019)). Mr. Best could have raised his arguments concerning the validity of his conviction and sentence on direct appeal or in his motion for a new trial. He did not. *See Winstead v. State*, 2011 WY 137, ¶ 12, 261 P.3d 743, 746 (Wyo. 2011) ("We . . . have held that res judicata applies when a defendant could have raised an issue in an earlier appeal or motion for sentence reduction and failed to do so."), *overruled in part on other grounds by Sweets v. State*, 2013 WY 98, ¶ 2 n.1, 307 P.3d 860, 863 n.1 (Wyo. 2013).

[¶8]   "A party can avoid application of res judicata if he demonstrates good cause for not raising an issue in an earlier proceeding." *Majhanovich*, ¶ 9, 499 P.3d at 997 (citing *Goetzel*, ¶ 13, 435 P.3d at 869). Mr. Best argues good cause exists because Rule 35(a) allows a court to "correct an illegal sentence at any time." While that is true, "motions to correct an illegal sentence are subject to res judicata." *Russell*, ¶ 9, 478 P.3d at 1204 (citations omitted). Mr. Best also argues "[t]his is the first time [he has] had the complete faculties to argue this case in this Court" and states his earlier cases "were not brought by [him], but rather [his] [a]ttorney[.]" In *Winstead*, we rejected a similar claim, stating the defendant's

> assertion that he did not challenge the legality of the sentence at any of these [previous] times because his attorney was in control and he was unschooled in the law does not establish good cause for not bringing the issue to the district court's or this Court's attention. Neither does his assertion that he had

2

no legal representation when he filed his motion for sentence reduction. Failing to recognize the factual or legal basis for a claim or failing to raise a claim despite recognizing it does not constitute good cause for not bringing an issue to the court's attention.

*Winstead*, ¶ 12, 261 P.3d at 746 (citations omitted).

[¶9]    We decline to address Mr. Best's argument that his sentence is unconstitutional under *Sen* and *Bear Cloud* because he provides no cogent argument or pertinent legal authority suggesting our juvenile life sentencing jurisprudence applies to him, as he was over eighteen at the time of the offense and was sentenced and tried as an adult. *See Pier v. State*, 2019 WY 3, ¶ 26, 432 P.3d 890, 898 (Wyo. 2019) ("We do not address arguments not supported by cogent argument or citation to pertinent authority." (citing *Blevins v. State*, 2017 WY 43, ¶ 22, 393 P.3d 1249, 1254 (Wyo. 2017)).

## CONCLUSION

[¶10]  Mr. Best may not use a Rule 35(a) motion to attack his underlying conviction. His arguments concerning the legality of his conviction and sentence are barred by res judicata. We decline to address his Eighth Amendment claim.

[¶11]  We affirm the district court's denial of Mr. Best's Rule 35(a) motion.