# IN THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 106

### OCTOBER TERM, A.D. 2023

November 1, 2023

RICHARD ALLEN TUCKER,

Appellant
(Defendant),

v.                                                           S-23-0091

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Fremont County*
The Honorable Kate G. McKay, Judge

*Representing Appellant:*
    *Pro se.*

*Representing Appellee:*
    Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney
    General; Kristen R. Jones, Senior Assistant Attorney General; Kristine D. Rude,
    Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]    Richard Allen Tucker appeals from the district court's denial of his motion to correct an illegal sentence.  We affirm.

## ISSUE

[¶2]    Did the district court err by deciding Mr. Tucker's motion to correct an illegal sentence was barred by res judicata?

## FACTS

[¶3]    In 2009, a jury found Mr. Tucker guilty of two counts of aggravated vehicular homicide after he caused a single vehicle accident that killed his girlfriend and her adult son.  The district court sentenced him to 12 to 20 years in prison on each count and ordered the sentences to be served consecutively.  Mr. Tucker appealed, arguing the imposition of multiple sentences for a single act (car accident) violated his right to be free from double jeopardy under the Fifth Amendment to the United States Constitution and constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.  *See Tucker v. State*, 2010 WY 162, ¶ 1, 245 P.3d 301, 303 (Wyo. 2010).  We affirmed.  *Id.*, ¶ 52, 245 P.3d at 316.  We held that "each death that results from a violation of the vehicular homicide statute constitutes a separate unit of prosecution and that separate convictions and sentences for each death resulting from a single accident d[id] not violate [Mr. Tucker's] right against double jeopardy."  *Id.*, ¶ 46, 245 P.3d at 313.  We also determined Mr. Tucker's sentences were not cruel or unusual given the gravity of his offenses.  *Id.*, ¶ 50,  245 P.3d at 315.

[¶4]    In January 2015, Mr. Tucker filed a motion to correct an illegal sentence (2015 motion) under Rule 35(a) of the Wyoming Rules of Criminal Procedure (W.R.Cr.P.).  He claimed that because his victims' deaths were the result of a single act, his sentences must be merged and the district court's failure to do so violated his Fourteenth Amendment rights to due process and equal protection of the law.  The district court denied the motion, concluding it was barred by res judicata because the claims were identical to those raised in his direct appeal.  Mr. Tucker timely appealed, but he withdrew the appeal before it was docketed.

[¶5]    In November 2022, Mr. Tucker filed another motion to correct an illegal sentence under Rule 35(a) (current motion).  Relying on our decision in *Sampsell v. State*, 2001 WY 12, 17 P.3d 724 (Wyo. 2001), he argued his consecutive sentences, totaling 40 years in prison, were illegal because they exceeded the 20 year statutory maximum sentence for aggravated vehicular homicide.  *See* Wyo. Stat. Ann. § 6-2-106(b)(i) (LexisNexis 2023).  He claimed his sentences had to be corrected to bring them within the statutory maximum and the "only way" to do so was to merge them into a single 12 to 20 year sentence under

1

the rule of lenity. The district court again denied his motion on res judicata grounds because the issues had been raised and litigated in both his direct appeal and 2015 motion. Mr. Tucker timely appealed.

## DISCUSSION

[¶6]  Mr. Tucker argues the district court abused its discretion by denying his Rule 35(a) motion on res judicata grounds.

> We review the denial of a motion to correct an illegal sentence for an abuse of discretion. *See Baker v. State*, 2011 WY 123, ¶ 10, 260 P.3d 268, 271 (Wyo. 2011) (quoting *McDaniel v. State*, 2007 WY 125, ¶¶ 6-7, 163 P.3d 836, 838 (Wyo. 2007)). However, we review de novo "whether a sentence is illegal and whether res judicata bars a motion to correct an illegal sentence[.]" *Majhanovich v. State*, 2021 WY 135, ¶ 7, 499 P.3d 995, 997 (Wyo. 2021) (citing *Russell v. State*, 2021 WY 9, ¶ 9, 478 P.3d 1202, 1204 (Wyo. 2021)). *See also Brown v. State*, 2021 WY 79, ¶ 8, 489 P.3d 1162, 1164 (Wyo. 2021) (citations omitted).

*Best v. State*, 2022 WY 25, ¶ 5, 503 P.3d 641, 643 (Wyo. 2022).

[¶7]  Rule 35(a) allows a court to correct an illegal sentence "at any time." However, Rule 35(a) motions are subject to res judicata, which "'bars litigation of issues that were or could have been determined in a prior proceeding.'" *Russell*, ¶¶ 9, 11, 478 P.3d at 1204-05 (quoting *Goetzel v. State*, 2019 WY 27, ¶ 11, 435 P.3d 865, 868 (Wyo. 2019), and citing *Nicodemus v. State*, 2017 WY 34, ¶ 11, 392 P.3d 408, 411 (Wyo. 2017)). *See also, Peterson v. State*, 2023 WY 103, ¶ 6 (Wyo. Oct. 27, 2023) ("W.R.Cr.P. 35(a) authorizes a court to correct an illegal sentence at any time, but our precedent is clear that such motions are subject to res judicata."). "Res judicata precludes relitigation of an issue when four factors are met: '(1) identity in parties; (2) identity in subject matter; (3) the issues are the same and relate to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them.'" *Majhanovich*, ¶ 8, 499 P.3d at 997 (quoting *Russell*, ¶ 12, 487 P.3d at 1205).

[¶8]  Mr. Tucker argues res judicata does not apply because the subject matter and issues involved in his current motion were not the same as those raised in his direct appeal and 2015 motion. According to him, the subject matter/issues in his direct appeal were that the imposition of consecutive sentences violated his right to be free from double jeopardy and his right to be free from cruel and unusual punishment under the Fifth and Eighth Amendments, respectively, and the subject matter/issue in his 2015 motion was that the rule of lenity required the correction of his illegal sentence. In contrast, he claims his

2

current motion was based on the 20 year statutory maximum sentence for aggravated vehicular homicide and our decision in *Sampsell*, which he asserts supports his argument that the combined total of his consecutive sentences could not exceed the statutory maximum.[1]

[¶9]    The district court did not err by concluding Mr. Tucker's current motion was barred by res judicata.  To determine whether the subject matter and issues raised in Mr. Tucker's current motion were the same as those raised in his direct appeal and 2015 motion, we look to the "substance" or "essence of" the arguments raised and the remedy sought.  *See Russell*, ¶ 14, 478 P.3d at 1205 ("Despite slight differences in Mr. Russell's arguments in the 2018 and 2020 motions—including the number of days requested and the bases asserted to support his request—we find that the essence of both motions and the remedy sought— a sentencing credit based on his time spent in Colorado—is the same."); *Bird v. Lampert*, 2019 WY 56, ¶ 11, 441 P.3d 850, 855 (Wyo. 2019) ("[A]lthough Mr. Bird does not explicitly seek relief under the due process clause, as he did in the prior proceeding, the substance of his argument is that his disciplinary convictions were unfairly obtained—a prototypical due process argument.").  The substance or essence of the arguments raised in Mr. Tucker's direct appeal, 2015 motion, and current motion, as well as the remedy sought in each, were the same.  In all three proceedings, Mr. Tucker claimed the imposition of consecutive sentences for two counts of aggravated vehicular homicide based on a single car accident was illegal and sought to be sentenced to a single term of 12 to 20 years imprisonment.  Because Mr. Tucker already raised and litigated the claim presented in his current Rule 35(a) motion, res judicata applied and barred his motion.  *Russell*, ¶ 15, 478 P.3d at 1205.  *See also, Tucker v. State*, 2015 WY 65, ¶¶ 10-11, 349 P.3d 987, 989 (Wyo. 2015) (district court did not err when it denied defendant's Rule 35(a) motion on res judicata grounds because the defendant had previously raised and we had already rejected his argument that imposition of multiple sentences for a single drug transaction was illegal and his two convictions should merge for sentencing purposes).

## CONCLUSION

[¶10]    The district court did not err by denying Mr. Tucker's Rule 35(a) motion on res judicata grounds.

[¶11]    Affirmed.

---

[1] Mr. Tucker's brief contains the following purported quote from *Sampsell*:  "The imposition of consecutive sentences of six to ten year[s'] imprisonment for two counts of aggravated vehicular homicide was proper as the maximum punishment was 20 years and the court focused on the willfulness of the defendant's conduct in driving his vehicle while intoxicated."  That language is not found in *Sampsell*.  In *Sampsell*, we simply determined that the district court's imposition of consecutive sentences totaling 12 to 20 years imprisonment for two counts of aggravated vehicular homicide was "within the statutory limits" and, under the circumstances of that case, was neither an abuse of discretion nor a disproportionate sentence under the Eighth Amendment.  *Sampsell*, ¶¶ 1, 9-11, 17 P.3d at 725, 727-28.

3